# Richmond.

## FISHER V. BORDEN AND OTHERS.

### November 30, 1910.

### Absent, Harrison and Whittle, JJ.

1. EVIDENCE—*Burden of Proof on Plaintiff—Exception to Rule.*—As a general rule, a complainant who assails a transaction has the burden of proof, but the facts and circumstances may be such as to vary the rule and shift the burden of proof to the one defending it.

2. ASSIGNMENTS—*Notice of Prior Rights—Circumstantial Evidence—Case in Judgment.*—The fact that the assignee of a bond secured by a deed of trust took the assignment with notice that his assignor knew of the existence of a prior deed of trust on the same property may be inferred from circumstances as well as proved by direct evidence. In the case in judgment, the evidence shows that both the assignor and the assignee of the bond secured by the second deed of trust had notice of the prior deed of trust on the same property.

3. NOTICE—*Put Upon Inquiry.*—Whatever is sufficient to put a party on enquiry will charge him with actual knowledge of the facts of which a diligent pursuit of that enquiry would have informed him.

4. DEEDS OF TRUST—*Prior Unrecorded Deed—Assignee Without Notice.*—One who takes under a deed of trust is not protected by section 2465 of the Code against a prior deed of trust upon the same property unless he is *without notice* of the prior deed when he takes and records his own; nor is his assignee of the debt secured, unless he takes the assignment without notice that his assignor had knowledge, before taking his deed to secure the debt, of the prior lien of the unrecorded deed first made.

5. DEEDS OF TRUST—*Assignment—Prior Unrecorded Deed—Notice—Enquiry.*—When a person about to purchase a debt secured by a deed of trust has knowledge of any fact or circumstance sufficient to put him upon enquiry as to the existence of some right or title in conflict with that which he is about to purchase, he

can only be protected where he makes the enquiry suggested by such fact or circumstance, and the right detrimental to that he is about to acquire is conceded, or withheld from him.

6. LACHES—*When Delay Harmless.*—The defense of laches is not available to a defendant when there is nothing in the record to show that he was misled by the complainant's delay in bringing his suit, or that his ability to make his defense has been in any way impaired by such delay.

Appeal from a decree of the Circuit Court of Princess Anne. Decree for complainant. Defendants appeal.

*Affirmed.*

The opinion states the case.

*Jeffries, Wolcott, Wolcott & Lankford,* and *V. H. Kellam,* for appellants.

*Nathaniel T. Green* and *J. M. Keeling,* for the appellees.

CARDWELL, J., delivered the opinion of the court.

On the 21st day of December, 1892, Joseph D. Herrick, being the owner in fee of an undivided one-fourth interest in a certain tract of land in Princess Anne county, Virginia, conveyed the same to Wm. K. Woodhouse, trustee, for the purpose of securing W. H. Borden the payment of two bonds, the one for $200 and the other for $400, which deed was not recorded until March 5, 1894. In the meantime the same grantor had executed to the same trustee another deed conveying the same property interest to secure to James C. Herrick the payment of a bond for $300, which deed was dated May 4, 1893, and recorded August 28, 1893; that is to say, the Herrick deed, though subsequent in date and execution to the Borden deed, preceded it in recordation by about six months.

In January, 1904, James C. Herrick assigned said bond of $300, "and all benefits of the deed of trust securing the same,"

to John T. Fisher, which assignment was duly noted on the margin of the deed book where the deed of trust was recorded. In March, 1907, the bond of $300 then held and owned by Fisher being still unpaid, the trustee, Woodhouse, by his direction, sold under the Herrick deed, and at the sale Fisher became the purchaser of the one-fourth property interest conveyed at the price of $300, the amount of the principal of Fisher's claim, and he received on the day of sale a deed from the trustee for the property sold, which deed he immediately recorded. Prior to this sale Fisher had acquired the other undivided three-fourths interests in said tract of land, one of them from the said James C. Herrick, and after receiving from Woodhouse, trustee, the said deed for the other one-fourth interest, Fisher gave several deeds of trust upon his interest in the land so acquired to secure the payment of certain debts owing by him, as mentioned in those deeds. In August, 1907, said W. H. Borden instituted this suit in equity against Fisher and the trustee and beneficiary in each of the said trust deeds executed by him, the object of which suit was to have the Herrick deed of trust and the assignment thereof to Fisher, and the several deeds of trust upon the same property subsequently executed by him, declared void as to the plaintiff, W. H. Borden, upon the ground that, while the plaintiff's deed of trust was recorded on a subsequent date to that on which the Herrick deed assigned to Fisher was recorded, Fisher's assignor, James C. Herrick, had actual notice of the prior lien of the Borden deed when he took an assignment of the bond intended to be secured by the Herrick deed, and was, therefore, not a purchaser without notice of that fact.

To this bill Fisher and James C. Herrick alone made answer, the bill being taken for confessed as to the other defendants, and upon the hearing of the cause upon the bill, the answers filed and depositions taken for both the plaintiff and the defendants, the court ruled that under the proof

as established by the depositions and the application of the law thereto, Fisher and the other defendants claiming under him could not be regarded as purchasers without notice, and were, therefore, not entitled to protection as against the plaintiff, Borden; and from the decree carrying this ruling into effect Fisher obtained this appeal.

In the written opinion of the judge, made a part of the record, the decree complained of here is rested upon several grounds, but in our view of the case it is only necessary for us to consider the question, whether or not the appellant was a purchaser for value of the debt secured by the Herrick deed, without notice of the prior lien of the Borden deed. In other words, did he know at the time he took the assignment of the debt, or could he have known by inquiry suggested to him by facts and circumstances within his knowledge, that his assignor, James C. Herrick, took the Herrick deed with notice of the existence of the Borden deed?

That Herrick knew of the Borden deed when he took the Herrick deed, is too clearly proven to admit of serious controversy, in fact it is not so controverted, the insistence of the appellant being that he was a purchaser without notice, when he took the assignment from Herrick, that his assignor was not a purchaser for value and without notice; that is, appellant stands as an innocent purchaser unless he knew that James C. Herrick "took his deed of trust with knowledge of the Borden deed of trust."

The debt assigned to appellant was a bond—a common law evidence of a debt—and it is not questioned that Wm. K. Woodhouse, named as the trustee in the Herrick deed securing the bond, is one and the same person named as the trustee in the Borden deed. But the learned counsel for the appellant says that while it has been held (in fact settled by a number of decisions of this court, as well as of others), that the knowledge of a trustee will be imputed to the beneficiary named in the deed of trust, yet this court has

never gone so far as to hold that such knowledge is imputable to an innocent assignee for value of the bond secured. Granting that the distinction sought to be drawn by counsel between the status of the original creditor secured and that of his assignee of the bond secured is sound (which it is not necessary for us here to decide), the distinction will not avail appellant, for, as we view the evidence, it proves as conclusively as the nature of the case would admit that he was not "an innocent purchaser for value of the bond secured."

Conceding that a plaintiff in a cause, as a general rule, must prove his case, yet the facts and circumstances may be such as to vary the rule and shift the burden of proof from the party assailing a transaction to the one defending it. 6 Enc. Dig. Va. & W. Va. Rep., 505, and cases cited.

Assuming, however, for the argument's sake, that the burden of proof remained upon the appellee, Borden, throughout this case, let us inquire whether or not the evidence is sufficient to entitle him to the relief his bill asked.

The fact of notice to appellant, before he took the assignment of the bond secured by the Herrick deed, that his assignor, James C. Herrick, knew of the prior deed held by appellee, Borden, before the Herrick deed was taken, may be inferred from circumstances as well as proved by direct evidence. *Farley* v. *Bateman*, 40 W. Va. 540, 22 S. E. 72; *Cranes Nest Coal Co.* v. *Va. Iron Co.*, 102 Va. 862, 54 S. E. 884, and cases there cited.

It is true that in the last named case and in those cited, while the rule is fully sustained, the qualification that the proof must be such as to affect the conscience of the purchaser, and must be so strong and clear as to fix upon him the imputation of bad faith, is also recognized; but it will be seen that under the facts proven in this case the qualification affixed to the rule will not avail appellant. The opinion of the learned judge below rightly viewed the evidence as showing the fact that appellant "had knowledge of both

the Borden and the Herrick deeds, and that there was a question of priority between them." He had acquired three undivided interests in the land and desired the remaining fourth; he had, before consummating his purchase of the Herrick bond, gone to A. E. Kellam, who as clerk of Princess Anne county admitted to record both deeds, and employed him to look into the facts for him and advise him whether he should purchase the Herrick bond or not. Kellam informed appellant that the Herrick deed was first, "because recorded first," but as a witness for appellant Kellam testified as follows:

"Q. (On cross-ex.)  When you were talking to Mr. Fisher (appellant) prior to the time that he bought this note from James C. Herrick, you and Mr. Fisher talked over the whole situation, did you not?  A. Mr. Green, I have no doubt that we did, but I don't recall all the conversation I had with Mr. Fisher.

"Q. You knew at the time of this deed to secure Mr. Borden?  A. Certainly I did.

"Q. And he (Fisher) knew of it at that time?  A. Oh yes, he was cognizant of it."

Appellant when testifying for himself said that when Herrick sold him the bond for the first time he heard of the Borden deed, and that statement was made in the face of proof that he knew of that deed as well as the Herrick deed. On further examination, and when told that Mr. Kellam in his testimony said appellant had discussed that matter before that time (purchase of the bond) with him, he was asked: "Is he (Kellam) mistaken or not?" and the reply was not a denial of the fact, but "No, I don't remember it. I don't know the date now. I don't know whether it is recorded first or not, really now." Q. "Mr. A. E. Kellam was the man you got to examine the records for you, was he not?" A. "Yes." Appellant admitted, both in his answer and when examined as a witness that at the time of his purchase of the bond Herrick told him that Borden had a deed of trust on the same prop-

erty. It is true that he added that Herrick didn't tell him when it was dated or anything about it, but when this self-serving statement is considered in connection with the statement of Kellam, that he had no doubt that in his talk with the appellant before the latter purchased the Herrick bond they "talked over the whole situation and facts," the statement of appellant is entitled to little, if any, credence, and little doubt can be entertained that he knew, before purchasing the Herrick bond, not only of the prior date of the Borden deed, but that his assignor knew it before he took the trust deed securing the bond.

But the foregoing are not all the facts and circumstances to be considered in determining the question, whether or not the circuit court erred in holding that appellant was a purchaser *with* notice from a purchaser with notice, and that appellant made his purchase of the bond, notwithstanding that fact, relying alone upon Kellam's opinion that the Herrick deed was the first lien as it was recorded first. Prior to his purchase of the Herrick bond, appellant had talked with Judge J. M. Keeling, who had mentioned the Borden deed to him, and appellant replied that he knew of it, but that his (appellant's) lawyer would get that all straight. What was to be gotten "all straight" other than the trouble growing out of James C. Herrick's knowledge of the Borden deed when he took the Herrick deed? The record is silent as to any other trouble.

Another pregnant fact shown is that appellant purchased the bond for its face value, although there was at the time eleven years' interest due thereon, and took the assignment without recourse to the assignor, which facts themselves this court said, in *Selden* v. *Williams*, 108 Va. 545, 62 S. E. 380, "suggests doubtful right in the assignor," and in this case suggests that both assignor and assignee knew of the prior right of appellee, Borden, and that the assignor was anxious to get out of the situation he was in by taking far less for it than the bond was worth, if he was in fact an in-

nocent purchaser for value without notice, but was not even
willing to do that unless protected against the right of his
assignee to come against him for the amount of the debt or
any part of it, if the assignee failed to realize it from the
security afforded by the Herrick deed; and, as to appellant,
said facts and circumstances suggest, if indeed they do not
prove, that appellant was induced to take the assignment be-
cause of the large discount (about $200) of the amount due
on the bond, and because of his desire to be in an advantageous
position to acquire the outstanding one-fourth interest in the
land covered by both the Borden and Herrick deeds, worth,
as Kellam thought, both debts secured; and that appellant re-
lied upon the erroneous opinion of his agent, Kellam, that
the latter deed "was the first lien because recorded first,"
and not upon a lack of notice his assignor had of the prior
lien of the Borden deed, nor upon a lack of notice of that
fact before he purchased the Herrick bond. That he was
partly successful in his plans is shown by the fact that some
time after his purchase of the Herrick bond, appellant, when
appellee, Borden, was out of the State, caused Woodhouse,
trustee, to sell under the Herrick deed, and at that sale be-
came the purchaser of the coveted outstanding interest in
the land, in which he already owned a three-fourths interest,
at and for the price of $300, the amount he paid for the bond,
took a deed from the trustee for the property interest sold
on the day of the sale and recorded it on that day. Appel-
lant was a brother-in-law of his assignor, James C. Herrick,
and had been in business with Joseph D. Herrick, a brother
of James C. Herrick, the grantor in both the Borden and
Herrick deeds of trust, and presumably had had peculiar
opportunities to hear the question of the priority of these
deeds discussed, and to participate in the discussion; and,
moreover, as we have mentioned, he had, as he admits, prior
to the consummation of his purchase, talked with both James
C. Herrick and A. E. Kellam on the subject of said deeds;

and besides, when he went to the clerk's office to consummate his purchase of the Herrick bond, if he determined to consummate it, there was before him the Borden deed, bearing date prior to that of the Herrick deed, and which had been on record for ten years. There is no room for doubt that even if appellant did not himself look at those deeds and see their respective dates, Kellam told him of the prior date of the Borden deed, and being so advised he might easily have inquired of James C. Herrick as to whether or not he knew that fact when he took his subsequent deed. Neither he nor his assignor claims that the latter did not know this fact, but merely that the former was not told of it, and both were relying alone upon the subsequent deed being recorded before the prior. If appellant could not get the desired information from James C. Herrick, he should have inquired of Woodhouse, trustee, who doubtless would have told him that the Borden deed was executed, acknowledged and delivered on a prior date to that of the Herrick deed, and that James C. Herrick actually knew, or would in law be held to know, that fact, and that the Borden deed, under these conditions, was the first lien on the property conveyed in both deeds, notwithstanding the Herrick deed was first admitted to record. According to his own testimony, it is necessarily to be inferred that he made no inquiry at all as to notice to his assignor and, if any, when he received it, but chose to take the risk attending his purchase by relying on the Herrick lien having priority "as it was recorded first."

"It is well settled, that what is sufficient to put a person upon inquiry will charge him with actual knowledge of the facts of which a diligent pursuit of that inquiry would have informed him." *French* v. *Successors of the Loyal Co.*, 5 Leigh 627; *Lennig's Ex'ors* v. *White*, 1 Va. Dec. 873, 20 S. E. 831; *Jameson* v. *Rixey*, 94 Va. 342, 26 S. E. 861, 64 Am. St. Rep. 726. See also 27 Cyc. at p. 1201, where this rule of law is very fully and clearly stated.

One who takes under a deed of trust is not protected by our statute (sec. 2465 of the Code) against a prior deed of trust upon the same property unless he is *without notice* of the prior deed when he takes and records his own; nor is his assignee of the debt secured, unless he takes the assignment without notice that his assignor had knowledge, before taking his deed to secure the debt, of the prior lien of the unrecorded deed first made. When such a purchaser is about to acquire a right, and has knowledge of any fact or circumstance sufficient to put him on inquiry as to the existence of some right or title in conflict with that which he is about to purchase, he can only be protected where he makes the inquiry suggested by such fact or circumstance, and the right detrimental to that he is about to acquire is concealed or withheld from him. *Kelly* v. *Fairmount L. Co.*, 97 Va. 227, 33 S. E. 598.

Applying to the facts of this case the foregoing principles of law, appellant and those claiming under him cannot be regarded as purchasers without notice, and are, therefore, not entitled to protection as against the appellee, Borden.

With respect to the defense of laches on the part of appellee, Borden, set up by appellant, we deem it only necessary to say that there is nothing whatever in the record to show that he was misled by the appellee's delay in bringing this suit, or that his ability to make defense has been in any manner impaired by such delay.

We are of opinion that the decree appealed from should be affirmed.

*Affirmed.*