## Staunton.

MORISON AND OTHERS V. AMERICAN ASSOCIATION, INC.

September 9, 1909.

Absent, Buchanan, J.

1. MINES AND MINERALS—*Cloud on Title—Iron Ore in Place—Possession—Removal—Irreparable Injury—Removal.*—The rule requiring the fee-simple owner of real estate to be in possession thereof in order to file a bill to remove a cloud on his title, has no application to the owner of iron ore beneath the surface of the ground. Such ore is not susceptible of actual possession, and the, fee-simple owner may file a bill to enjoin the removal thereof, and incidentally to remove a cloud on the title. The removal of the ore is destructive of the very essence of the estate, and the resulting injury is irreparable, and in such case an injunction will be granted, notwithstanding a dispute, or even pending litigation as to the title.

2. EQUITY JURISDICTION—*Complete Justice.*—A court of equity, having properly taken jurisdiction to prevent the mining and removal of iron ore beneath the surface, may go on and do complete justice between the parties, although in doing so it has to settle the title to the ore which is in dispute.

3. ADVERSE POSSESSION—*Severance of Surface and Underlying Minerals.*—The title to the surface of land and to the underlying minerals may be vested in different persons, but after severance the title to neither can be acquired by adverse possession of the other.

Appeal from a decree of the Circuit Court of Lee county. Decree for the complainant. Defendants appeal.

*Affirmed.*

The opinion states the case.

*Orr & Noell, J. H. S. Morison* and *Duncan & Cridlin,* for the appellants.

*B. H. Sewell* and *Irvine & Morison,* for the appellee.

HARRISON, J., delivered the opinion of the court.

The object of this suit, which was brought by the appellee, was to enjoin the appellants from mining, removing and disposing of iron ore from a certain tract of land, and to quiet the title to such ore and the mining rights attaching thereto.

The appellants deny that appellee was, at the time of the institution of this suit, or at any other time, the owner of the land in controversy or any part thereof, or that it was at any time in possession of the iron ore underlying the same or any part thereof. Appellants assert title in themselves to the land in question and to the iron ore in, on and under the same, and insist that they and those under whom they claim have enjoyed the open, notorious, continuous and exclusive possession of both the land and ore for more than thirty years.

The record clearly shows that the appellants are the owners of the surface of the land in question, and that the appellee is the owner of the minerals underlying the land, each deriving title from Robert Crockett, who conveyed the iron ore and mining privileges to the predecessor in title of the appellee in November, 1857, which was before the appellants or those under whom they claim had acquired title to the surface.

The contention of appellants that the deed of November 25, 1857, from Robert Crockett to Reuben Rose, the predecessor in title of appellee, did not convey a fee simple title to the iron ore, but only passed a license or right to mine and use the ore at a particular furnace, cannot be sustained. The conveyance in question contains all of the necessary elements of a valid deed— competent parties, a lawful subject matter, a valuable consideration, apt words of conveyance, and proper execution. The deed does not limit the estate granted. It sells, without reserve, all the iron ore in question to Reuben Rose, his heirs and assigns forever. There is no suggestion in the deed that the title should revert to the grantor, or his heirs, at any time or under any circumstances. The language of the deed plainly shows

that its clear intent was to convey a fee simple title, and to provide that the mining privileges should continue so long as any iron remained under the surface of the land.

The only estate in controversy here is the iron ore. In addition to its being otherwise shown, appellants admit that at the time of the institution of this suit they were mining, removing and disposing of the iron ore. The first contention on behalf of the appellants is that actual possession of the iron ore by appellee at the time of the institution of this suit was necessary to give the circuit court jurisdiction to entertain the suit for any purpose. In support of this proposition is cited that line of decisions which hold that the right to invoke the equitable jurisdiction of courts to remove clouds from the title to real estate only accrues where the holder of the legal title to the land is in possession.

The case at bar presents wholly different considerations, and is not ruled by the cases relied on. Iron ore that is under the surface is not susceptible of actual possession. To have actual possession of iron ore it must be mined. When the appellants began to mine and remove the iron ore of the plaintiff, they were destroying the very substance of the estate, and the injury thus done was irreparable. In such cases a court of equity will interpose by injunction and prevent the wrong. *Manchester Cotton Mills* v. *Town of Manchester,* 25 Gratt, 825; *Miller* v. *Wills,* 95 Va. 339, 28 S. E. 337; *Bettman* v. *Harness,* 42 W. Va. 433, 26 S. E. 271, 36 L. R. A. 566; 4 Pom. Eq. (3d ed.), sec. 1351, p. 2692; Spelling on Extraordinary Relief, sec. 367.

The last cited author says: "The prevailing view and practice of the present day may be thus stated: 'When the bill states facts which show that a threatened trespass, if not prevented, will result in irreparable damage, or is in character and tendency destructive to the inheritance or to that which gives its chief value, an injunction will be granted, nothwithstanding a dispute, or even pending litigation as to title.' "

The court having properly taken jurisdiction to prevent the destruction of appellee's estate, it had the right to go on and do complete justice, although in doing so it had to settle the title to the iron ore which was in dispute. *Miller* v. *Wills, supra; Dunn* v. *Stowers,* 104 Va. 290, 51 S. E. 366.

The contention of appellants, that their plea of the statute of limitations is a bar to the right of appellee to recover the iron ore, is not well taken. The deed dated November 25, 1857, from Robert Crockett and wife to Reuben Rose was a severance of the estates in the land, creating a separate and distinct estate in Reuben Rose to the iron ore. It is well settled that one may own the surface and another the minerals in the same parcel of land. Title to the freehold of either cannot be acquired by adverse possession of the other. *Virginia Coal & Iron Co.* v. *Kelly,* 93 Va. 336, 24 S. E. 1020.

There is no error in the decree complained of and it is affirmed.

*Affirmed.*