# CHARLESTON.

## FEATHER *v.* BAIRD.

Submitted November 25, 1919.   Decided December 5, 1919.

1. QUIETING TITLE—*Right to Cancel Deed Purporting to Convey Minerals.*

    To entitle one to maintain a bill for the cancellation of a deed purporting to convey the minerals in his land, he must show himself to be the owner of such minerals. (p. 270).

2. MINES AND MINERALS—*Deed Construed as Conveyance and Not a Lease.*

    A deed, although styled an indenture, containing appropriate terms of a grant *in praesenti* of all the grantor's "right, title and interest in and to" all the minerals in a certain tract of land, reciting present payment of a substantial consideration and containing a covenant by the grantee binding himself, his heirs, personal representatives and assigns to pay the grantor one cent per ton royalty for all coal mined, "payable as soon as the coal is mined and shipped," is a deed of conveyance and not a mining lease, and vests in the grantee title to the minerals in place. (p. 270).

Appeal from Circuit Court, Preston County.

Suit in equity by Annie S. Feather against Melvin S. Baird for cancellation of a deed. Demurrer to bill sustained and bill dismissed, and plaintiff appeals.

*Affirmed.*

*Vester B. Dunn, F. E. Parrack,* and *Wm. S. John,* for appellant.

*Joe V. Gibson,* and *Conley & Johnson.* for appellee.

WILLIAMS, JUDGE:

Claiming to be the owner of the minerals in, as well as the surface of a tract of 100 acres of land in Preston County, plaintiff brought this suit in equity to have canceled, as a cloud upon her title, a deed made by C. M. Hill and wife to the defendant Melvin S. Baird on the 2nd of January, 1911, purporting to convey all the minerals underlying a number of tracts of land in said county, among which is the George H. Trembly 500 acre tract, of which plaintiff's 100 acres is a part, in so far as the same includes the mineral underlying her 100 acres. A demurrer to the bill was sustained and, declining to amend, her bill was dismissed on August 21, 1916, and she has appealed.

Numerous grounds of demurrer were assigned, any one of three of which is especially urged in brief as showing good cause for sustaining the demurrer. These three are : (1) The absence of necessary parties; (2) That the bill and exhibits show plaintiff has no title to the mineral in question; and (3) because she had no possession of the minerals. The second of these is the most vital and fundamental and will be first considered, and if we find the point raised is sustained by the record, then the other grounds may be passed over without consideration.

Both parties apparently claim title under George H. Trembly, plaintiff, mediately, by deed from said Trembly's widow and heirs, dated January 28th, 1913, granting to her, with covenants of general warranty, "the following real estate situate in Preston County, W. Va., on the waters of Roaring Creek and bounded as follows," then follows the metes and bounds of the 100 acres. The consideration named is $1,730, payable in installments differing in amounts, extending over a number of years, evidenced by eleven notes bearing interest from the date

of the deed, and the last falling due eleven years from that date, all secured by vendor's lien, and interest on all the notes payable annually.    That deed contains also this provision: "It is understood and agreed between the parties hereto that this deed is subject to a certain indenture made by G. H. Trembly and wife to Chas. M. Hill and Geo. W. L. Marsden, for coal, minerals and mining rights, dated January 11th, 1895, and recorded in the office of the Clerk of the County Court, in book No. 75, page 338, and the grantee herein shall not hold the grantors liable for any damages that might arise by reason of litigation, should the said grantee attempt to remove the said indenture from said land."

A copy of the deed, subject to which plaintiff's deed was made as disclosed by the foregoing quotation from her deed, is exhibited with the bill and shows that, on the date referred to, to-wit, January 11, 1895, George H. Trembly and Eva C., his wife, executed a deed granting to Chas. M. Hill and Geo. W. L. Marsden all the minerals underlying the whole of the aforesaid 500 acre tract in the following terms: "The said party of the first part" (referring to said Trembly and wife), "for and in consideration of the premises and the sum of five hundred dollars, the receipt whereof is hereby acknowledged, hath granted, assigned, conveyed, and by these presents doth grant, assign and convey unto the party of the second part," (meaning Hill and Marsden), "his heirs, executors, administrators and assigns, all right, title and interest of, in and to all coal, iron or any other mineral contained in a certain tract or parcel of land, situate in the county of Preston." The grantor then mentions the source of his title, the quantity of land as 500 acres more or less, and describes its boundary by reference to the lines and corners of adjacent owners, and specifies particularly the mining rights and privileges granted for excavating, and right of ingress and egress over the land for removing the minerals therefrom, then follows this covenant: "And the said party of the second part for himself, his heirs, executors, administrators and assigns, doth covenant and agree to pay to said party of the first part the sum of one cent per ton of 2240 pounds royalty for all coal mined and removed from said tract of land, said royalty payable as soon as the coal is mined and shipped.

And for the faithful performance of all and singular the above covenants, understandings and agreements, the said parties hereto do bind themselves, their heirs and assigns, each to the other, his heirs, executors, administrators and assigns."

Said Hill and wife, Marsden and wife and a number of other parties joined in executing a deed dated August 26th, 1897, granting "all their right, title and interest in and to" all the minerals in a large number of tracts of land in Preston County, including the aforesaid Trembly tract of 500 acres, to the Blue Ridge Oil & Development Company, a West Virginia corporation. This deed, as well as all others herein mentioned, was duly recorded in Preston County shortly after its execution. What disposition, if any, the Blue Ridge Oil & Development Company ever made of its title is not alleged. It is alleged, however, that C. M. Hill and wife, by deed dated January 2nd, 1911, attempted to convey the mineral underlying the aforesaid 500 acres to the defendant Melvin S. Baird, and this is the deed which plaintiff avers is the cloud which she prays to have removed.

Counsel for appellant claims that Baird acquired no title to the mineral by the deed last mentioned and that plaintiff has a right to have it canceled as a cloud upon her title to the minerals in her 100 acres. They further contend that the indenture or deed made by George H. Trembly and wife to Hill and Marsden in 1895 was not a grant to them of the minerals in place, but was in effect only a mining lease, which is forfeited for failure to begin mining operations. On the other hand, counsel for defendant insist that appellant has shown no title to the mineral in herself and, therefore, no right to maintain a suit to remove a cloud therefrom. It is unnecessary to cite authority for the fundamental proposition that, if plaintiff is not the owner of the minerals underlying her 100 acre tract of land, she can not maintain this suit.

Plaintiff's deed was expressly made subject to the previous deed from George H. Trembly and wife to Hill and Marsden, and if that deed operated to vest in them title to the minerals in place, then there has been no forfeiture or reversion of that title, and consequently no title in plaintiff to the minerals. The deed recites a substantial, if not an adequate, considera-

tion paid and contains appropriate terms of a grant *in praesenti* of the minerals, and does vest title to all the minerals in place in and under the land in the grantees therein. *Hardman* v. *Brown,* 77 W. Va. 478; and *Morrison* v. *American Ass'n.,* 110 Va. 91, 65 S. E. 469.

The covenant by the grantees to pay the grantor one cent royalty per ton for all coal mined, "payable as soon as the coal is mined and shipped" is not a condition subsequent but only an additional consideration for the grant, which the covenantors and their assigns are bound to pay as stipulated. This deed effected a severance of the estate in the surface from the estate in the minerals, and divested the grantor of the latter estate, hence no estate in the minerals passed to his heirs, and their deed passed none therein to the plaintiff. There is no condition subsequent and no provision for a forfeiture or reversion of the title, and nothing in the character of the conveyance from which any limitations upon the estate can be implied. The decree is affirmed.

*Affirmed.*