## Staunton.

### ALBERT *v.* HOLT AND OTHERS.

September 20, 1923.

1. DEEDS—*Words of Conveyance—"Give, Bargain and Sell"—Case At Bar.*—
   In the instant case, an action of ejectment, it was claimed that a
   deed in plaintiffs' chain of title was too defective to operate as a
   conveyance because it contained no words of conveyance. The in-
   strument was in all respects in the form of a deed, except that it used
   the words "give, bargain and sell." It contained a covenant of
   warranty, was acknowledged and admitted to record as a deed, and
   was based upon a consideration of $1,300 paid for the land.

   *Held:* That the instrument was a valid conveyance of the land therein
   mentioned from the grantor to the grantee.

2. DEEDS—*Former Conveyance—Technical Words—Grant.*—In Virginia
   there is no statute fixing an invariable form for deeds of conveyances
   of land. The form given in section 5162 of the Code of 1919 used the
   word "grant," but that is not an indispensable requisite. To con-
   stitute a grant it is not indispensable that technical words be used.

3. DEEDS—*Construction—Intention of the Parties.*—Courts are liberal in
   construing written contracts, including deeds, in order to give effect
   to the intention of the parties, where that is manifest, if not re-
   strained by some inexorable rule of law.

4. DEEDS—*Construction—Deed Upheld if Possible.*—A deed must be up-
   held if possible. All instruments shall be so construed as to pass an
   estate, when such was the intention, and it will be presumed from the
   making of a deed that the grantor intended to convey some property
   by it. The courts are, therefore, liberal in construing deeds so as
   to give them some effect, and a deed untechnical, ungrammatical,
   and totally at variance with all the recognized rules of orthography,
   may be valid if there are sufficient words to declare clearly and
   legally the maker's meaning, nor is it necessary that the grammatical
   sense of words be adhered to, where a contrary intent is apparent
   from the whole instrument.

5. EJECTMENT—*Common Source of Title—Conflicting Evidence—Verdict of
   Jury Conclusive.*—In the instant case, an action of ejectment, plaintiffs
   showed a good paper title traced back to a common source with the
   defendant, and were therefore entitled to recover unless the defend-
   ant could sustain his claim of title by adverse possession, which he

attempted to do. Defendant also claimed that the land in contro-
versy was not within the calls of the plaintiffs' title. Both of the
defendant's claims were dependent upon parol evidence which was
conflicting.

*Held:* That the conflict was settled in favor of the plaintiffs by the
verdict of the jury, which could not be disturbed on appeal, as there
was abundant evidence to support the verdict.

6. EJECTMENT—*Verdict—Estate Found in the Plaintiff—Case at Bar.*—In
an action of ejectment the verdict of the jury was as follows: "We,
the jury, find for the plaintiff the land in the declaration mentioned
which is described as follows:"

*Held:* That the verdict should be set aside because it did not comply
with the requirement of section 5478 of the Code of 1919, providing
that the verdict should specify "the estate found in the plaintiff."

7. APPEAL AND ERROR—*Judgment by Appellate Court—Verdict in Eject-
ment Defective in that it did not Specify the Estate Found for Plaintiffs.*—
Where in an action of ejectment the verdict for plaintiff was defect-
ive in that it did not specify "the estate found in the plaintiff," but
the record before the Supreme Court of Appeals was full and com-
plete on the subject, showing that the plaintiffs had an estate in fee
in the land in controversy, the case was one in which the facts before
the Supreme Court of Appeals were such as to enable that court to
attain the ends of justice by entering judgment in favor of plaintiffs
for a fee simple estate in the land in question.

Error to a judgment of the Circuit Court of Giles
county, in an action of ejectment. Judgment for
plaintiffs. Defendant assigns error.

*Reversed and final judgment for the defendants in error.*

The opinion states the case.

*W. B. Snidow*, for the plaintiff in error.

*Williams & Farrier*, for the defendant in error.

BURKS, J., delivered the opinion of the court.

This is an action of ejectment brought by D. W. Holt
and Marvin Holt against Albert to recover nominally

32.91 acres of land, but really sixty-eight square poles, of the value of less than five dollars: There was a verdict and judgment for the plaintiffs, and the defendant assigns error.

The parties claim title under a common source, and the plaintiffs proved a perfect paper title unless one of the deeds in their chain of title is too defective to operate as a conveyance. The defect asserted is that the deed contains no words of conveyance. So much of the deed as needs to be recited is as follows:

"This indenture made this the 11th day of February, in the year of our Lord one thousand, eight hundred and sixty-one, between John P. Johnston and Mary, his wife, of the county of Giles, and State of Virginia, of the one part, and William Robertson, of the same county and State, of the other part.

## Witnesseth:

"That the said John P. Johnston and Mary, his wife, for and in consideration of the sum of thirteen hundred dollars to them in hand paid, the receipt of which is hereby acknowledged, do give, bargain, and sell unto the said William Robertson and his heirs   *   *   * together with its appurtenances unto the said William Robertson and his heirs forever, and the said John D. Johnston and Mary, his wife, for themselves and heirs to the said William Robertson or against the claim of any person or persons claiming in, by or through or under them, do forever warrant and defend. In witness whereof have hereunto set our hands and seals the date above written.

---------------------------------------------(Seal)

---------------------------------------------(Seal)

"N. B.—Two hundred dollars of the above purchase money have been deducted to enable s'd Robertson to purchase a lease of Wm. Wickline which he had done, a lease which he, Wickline, *on had* said lease.

JOHN P. JOHNSTON          . (Seal)

--------------------------------------------- (Seal)

The clerk's certificate of acknowledgment and recordation is as follows:
"Virginia.

"In the county court of Giles county, February 11, 1861.

"This deed of bargain and sale from John P. Johnston to William Robertson conveying real estate, was this day presented in court and acknowledged by John P. Johnston and ordered to be recorded."

[1] It is claimed by the plaintiff in error that the words "give, bargain and sell" are not words of conveyance and cannot be made to operate as such. The instrument is in all other respects in the form of a deed, and contains a covenant of warranty, was acknowledged and admitted to record as a deed, and was based upon a consideration of $1,300 paid for the land. We are of opinion that the instrument is a valid conveyance of the land therein mentioned from the grantor to the grantee.

[2] Section 5146 of the Code declares that all real estate, as regards the immediate freehold, shall be deemed to lie in grant as well as in livery, thereby dispensing with livery of seisin, and section 5162 declares that a deed *may* be made in the following form, or to the same effect, but we have no statute fixing an invariable form for deeds of conveyance of land. The form

given in section 5162 used the word "grant," but that is not an indispensable requisite. As said of a similar statute in South Dakota, "While our statute uses the term 'grant,' and in the form given uses that term, yet to constitute a grant it is not indispensable that technical words be used. Any words that manifest the same will be sufficient." *Evenson* v. *Webster*, 3 So. Dak. 382, 388, 53 N. W. 747, 749, 44 Am. St. Rep. 802, 807.

In *Harlowe* v. *Hudgins*, 84 Tex. 107, 111, 19 S. W. 364, 365, 31 Am. St. Rep. 21, 24, it is said: "The common law, which was in force in this State at the date of the instrument, did not require the use of technical words in making a conveyance. The employment of words sufficient to show a purpose and intent to convey is all that was required, either by the statute or common law. No precise technical words are required to be used in creating a conveyance; the use of any words which amount to a present contract of bargain and sale is all-sufficient. Whatever may be the inaccuracy of expression or the inaptness of the words used in an instrument, in a legal view, if the intention to pass the title can be discovered, the courts will give effect to it and construe the words accordingly."

[3, 4] Courts are liberal in construing written contracts, including deeds, in order to give effect to the intention of the parties, where that is manifest, if not restrained by some inexorable rule of law. The law on this subject is well stated in 8 R. C. L. 1049, supported by numerous authorities as follows: "The general rule is that a deed must be upheld if possible. Indeed, it has been said to be an elementary principle that every deed must, if possible, be made operative, and that the law desires to sustain the validity of this class of instruments wherever it can. The true principle, and one entirely in ac-

cordance with modern jurisprudence, is, that all instru-
ments shall be so construed as to pass an estate, when
such was the intention, and it will be presumed from
the making of a deed that the grantor intended to con-
vey some property by it.   The courts are, therefore,
liberal in construing deeds so as to give them effect, and
a deed untechnical, ungrammatical, and totally at var-
iance with all the recognized rules of orthography, may
be valid if there are sufficient words to declare clearly
and legally the maker's meaning, nor is it necessary that
the grammatical sense of words be adhered to, where a
contrary intent is apparent from the whole instrument."
See also *Evenson* v. *Webster, supra; Berridge* v. *Glassey*,
112 Pa. St. 442, 3 Atl. 583, 56 Am. Rep. 322; *Flagg* v.
*Eames*, 40 Vt. 16, 94 Am. Dec. 363; Note 31 Am. St.
Rep. 24.

In the case at bar, the intention to "grant" is so man-
ifest on the face of the instrument that no other con-
struction could be put upon it, and it would be a mis-
carriage of justice and a perversion of the intention of
the parties to hold otherwise.

[5] As the plaintiffs below showed a good paper title
traced back to a common source with the defendant,
they were entitled to recover unless the defendant could
sustain his claim of title by adverse possession, which
he attempted to do.   He also claimed that the land in
controversy was not within the calls of the plaintiffs'
title.   Both of these claims were dependent upon parol
evidence which was conflicting.   This conflict was set-
tled in favor of the plaintiffs by the verdict of the jury,
which cannot be disturbed by this court, as there was
abundant evidence to support the verdict.

[6, 7] It is assigned as error that "the verdict was not
in accordance with the plain mandate of the statute.
Section 5478 of the Code of 1919 is in the following
nguage:

" 'The verdict shall also specify the estate found in the plaintiff, whether it be in fee or for life, stating for whose life, or whether it be a term of years, and specifying the duration of such term.' "

The verdict of the jury was: "We, the jury, find for the plaintiff the land in the declaration mentioned which is described as follows:"

The verdict is not of the class of *Hawley* v. *Twyman,* 24 Gratt. (65 Va.) 516, and does not comply with the requirements of the statute. It must, therefore, be set aside. But the case will not be remanded on that account. If it were remanded it would be solely for the purpose of ascertaining the estate in the defendants in error. But the record before us is full and complete on the subject, and the facts before us "are such as to enable the court to attain the ends of justice." The record shows that the plaintiffs have an estate in fee in the land in controversy, subject to the right of Charles Wesley Robertson, his heirs or assigns as owners of the tract devised to him by William Robertson, to have access to the timber thereon for "a sufficiency for fire wood and fencing purposes." Pursuant, therefore, to section 6365 of the Code, the judgment of the trial court will be reversed and the verdict of the jury set aside, and this court will enter judgment in favor of the defendants in error, who were plaintiffs in the trial court, against the plaintiff in error, P. G. Albert, for the land described in the verdict of the jury, and for their costs in this court and in the trial court, and also finding that the said defendants in error are entitled to a fee simple in said land subject to the right aforesaid of Charles Wesley Robertson, his heirs or assigns.

*Reversed and final judgment for the defendants in error.*