# Richmond.

## ROBERTA H. WHITE v. THOMAS LEE.

### March 18, 1926.

1. EJECTMENT—*Verdict—Conformity with Section 5476 of the Code of 1919—
Conformity with Section 5478 of the Code of 1919.*—In the instant case,
an action of ejectment, a verdict for the plaintiff was as follows:
"We, the jury, find for the plaintiff." This verdict was fatally
defective in that it did not conform to the requirements of section
5476 of the Code of 1919 as to the particularity of the description
of the land recovered, nor did it conform to the provisions of section
5478 of the Code of 1919, which requires that "the verdict shall
also specify the estate found in the plaintiff, whether it be in fee or
for life, stating for whose life, or whether it be a term of years, and
specifying the duration of such term."

2. EJECTMENT—*Verdict—Form and Sufficiency.*—The verdict in ejectment
is required to be very specific. It must set out with particularity,
either directly or by reference, the premises recovered, and must
specify the estate found in the plaintiff, whether in fee, for life or
years.

3. EJECTMENT—*Verdict—Form.*—As to what constitutes a good verdict
in ejectment both as to form and substance, where the plaintiff
recovers all the land sued for, the following is an example: "We,
the jury, find for the plaintiff that he recover from the defendant
possession of the land in his declaration specified and that he is
entitled to the same in fee simple (or 'for life,' or 'for the life of
A. B.' or 'for ____ years from the ____ day of _____ 19____')."

4. EJECTMENT—*Prima Facie Case—Shifting of Burden of Proof—Instruc-
tions—Case at Bar.*—A requested instruction in an action of eject-
ment that tells the jury that when the plaintiff has made out a
*prima facie* case, then the burden shifts to the defendant to show
by a preponderance of evidence that when the plaintiff purchased
the land in question she had notice of an outstanding title, was
properly refused.

5. EJECTMENT—*Burden of Proof—Plaintiff must Recover on the Strength of
His Own Title.*—The law requires a plaintiff in ejectment to carry a
greater burden than merely making out a *prima facie* case. He must
recover, not upon the weakness of the title of the defendant, but
upon the strength of his own title. He must vouch a good legal

title and also prove his right to the possession of the land in controversy at the time his action of ejectment was brought.

6. EJECTMENT—*Instructions—Notice—Plaintiff's Knowledge of Outstanding Title—Title not Recorded.*—In an action of ejectment a requested instruction which told the jury that even though the plaintiff knew as a matter of fact that there was an outstanding title in the defendant, unless the same appears of record, then the plaintiff was not bound thereby, was properly refused. The requested instruction is based upon the provisions of section 5194 of the Code of 1919. While the act does contain the language "but the mere possession of real estate shall not of itself be notice to purchasers thereof for value of any interest or estate therein of the person in possession," it was never intended that where the purchaser thereof had actual notice of the existence of a prior contract or conveyance, though unrecorded, that he would be protected in his purchase of the land.

7. RECORDING ACTS—*Possession of Real Estate—Notice to Purchaser—Section 5194 of the Code of 1919.*—The object of section 5194 of the Code of 1919 was to prevent actual notice of possession from being construed as constructive notice of title.

8. EJECTMENT—*Instructions—Burden of Proof of Notice to Plaintiff of Prior Conveyance to Defendant—Harmless Error—Case at Bar.*—In an action of ejectment an instruction that plaintiff must show by a preponderance of the evidence that at the time that she paid her deed she was without notice of the previous sale of the land was erroneous, since the onus of affecting the plaintiff with notice was upon the defendant. But as the great preponderance of the evidence was to the effect that the plaintiff did have actual notice that a portion of the land sought to be recovered in the instant case, was not embraced in her deed, therefore, under section 6104 of the Code of 1919, the case was not reversed on account of this erroneous instruction.

9. APPEAL AND ERROR—*Harmless Error—What Constitutes Harmless Error.*—Error is harmless which does not injuriously affect the interest of the party complaining, and such injury is not presumed but must affirmatively appear from the record.

10. EJECTMENT—*Vendor and Purchaser—Purchase Complying with Contract of Sale—Section 5471 of the Code of 1919—Case at Bar.*—Section 5471 of the Code of 1919 prohibits a vendor or those claiming under him from recovery at law against the vendee or those claiming under him, where there is a contract in writing signed by the vendor and such performance on the part of the vendee as would entitle him and those claiming under him to a conveyance. In the instant case, though denied by the plaintiff, the evidence of the defendant tends to show that he had fully complied with the contract of sale and was entitled to a conveyance of the land in question prior to the institution of the plaintiff's action of ejectment.

Error to a judgment of the Circuit Court of Rocking-
ham county, in an action of ejectment.   Judgment for
defendant.   Plaintiff assigns error.

*Affirmed.*

The opinion states the case.

*S. W. Shelton* for the plaintiff in error.

*Hubard & Boatwright* and *Strode & Edmunds* for the
defendant in error.

CAMPBELL, J., delivered the opinion of the court.

The plaintiff in error filed her declaration in eject-
ment in the circuit court against the defendant in error
to recover seventy acres of land situated in Bucking-
ham county.

Upon the calling of the case for trial at the October,
1924, term of the court, the defendant pleaded not
guilty and also relied upon the notice setting up a
special defense, under the provisions of section 5471 of
the Code, 1919.   This notice reads as follows:

"You are hereby notified that in the pending action
against me in the above styled proceeding, I shall rely
upon a purchase of fiifty-seven acres of land, part of the
135 acres claimed by you, from Elbert Nuckols and
wife, under written contract dated March 19, 1913, where-
by all of the tract on the south side of the creek or
branch was sold to me for the sum of $8.75 per acre,
$100.00 then and there paid in cash and the residue
having been since paid and the land having been con-
veyed unto me by deed from Nuckols and wife, of which
contract you had actual knowledge and notice at the
time you purchased the remainder of the tract from the
said Elbert Nuckols.

"That I took possession of the said fifty-seven acres in the year 1914 and have ever since held the same in actual possession, cultivating a part of the same, and I am now in possession thereof under my purchase of 1913, of all of which you had full notice and knowledge at and before the time of your purchase from the said Elbert Nuckols."

Section 5471 of the Code provides that "a vendor, or any claiming under him, shall not at law any more than in equity recover against a vendee, or those claiming under him, lands sold by such vendor to such vendee, when there is a writing, stating the purchase and the terms thereof, signed by the vendor or his agent, and there has been such payment or performance of what was contracted to be paid or performed on the part of the vendee as would in equity entitle him, or those claiming under him, to a conveyance of the legal title of such land from the vendor, or those claiming under him, without condition."

[1] The case, having been continued at the May term, was tried at the October term, 1924, and resulted in a verdict for the plaintiff. This verdict was as follows: "We, the jury, find for the plaintiff."

After the jury were discharged, the defendant moved the court to set aside the verdict and grant a new trial, and stated as the grounds of his motion that the verdict was contrary to the law and the evidence, and the form of the verdict was such that a valid judgment could not be entered thereon.

At the December term, 1924, the court rendered its decision, sustaining the motion of the defendant and awarded a new trial, which was had at the March term, 1925. This trial resulted in a verdict for the defendant, and the court entered judgment thereon.

The plaintiff assigns as error the action of the court

in sustaining the motion of the defendant to set aside the verdict rendered upon the first trial of the case.

The verdict is fatally defective.    It does not conform to the requirements of section 5476 of the Code as to the particularity of the description of the land recovered, nor does it conform to the provisions of section 5478, which requires that "the verdict shall also specify the estate found in the plaintiff, whether it be in fee or for life, stating for whose life, or whether it be a term of years, and specifying the duration of such term."

[2] In Burks' Pl. & Pr., p. 207, the rule as to the form and sufficiency of a verdict in ejectment is stated thus: "The verdict in ejectment is required to be very specific. It must set out with particularity, either directly or by reference, the premises recovered, and must specify the *estate found in the plaintiff*, whether in fee, for life or years    *    *    *."

In *Albert* v. *Holt*, 137 Va. 5, 119 S. E. 120, the verdict of the jury was: "We, the jury, find for the plaintiff the land in the declaration mentioned, which is described as follows:"    Judge Burks, in delivering the opinion of the court, said: "The verdict is not of the class of *Hawley* v. *Twyman*, 24 Gratt. (65 Va.) 516, and does not comply with the requirements of the statute.    It must, therefore, be set aside."

[3] As to what constitutes a good verdict in ejectment both as to form and substance, where the plaintiff recovers all the land sued for, the following is an example:    "We, the jury, find for the plaintiff that he recover from the defendant possession of the land in his declaration specified and that he is entitled to the same in fee simple (or 'for life,' or 'for the life of A. B.' or 'for_____ years from the _____ day of _____19_____.')" Barton's Law Practice, Vol. II (2d, ed.), p. 1141.

It is urged in the brief of plaintiff that even though

this court should hold that the verdict does not comply with the requirements of the statute, that under the authority of *Albert* v. *Holt, supra,* a judgment should be entered here for the plaintiff.

The holding of the court in *Albert* v. *Holt* was to the effect that, notwithstanding the imperfect verdict, there was sufficient proof in the record to warrant the court in entering judgment for the plaintiff pursuant to section 6365.

The answer to this contention is, that the record in the instant case is not, in our opinion, in such a condition as to "enable the court to attain the ends of justice" by setting aside the verdict.

Plaintiff also assigns as error the action of the court in giving and refusing to give certain instructions. The instructions offered by the plaintiff, but which the court refused to give, are as follows:

"(G). The court instructs the jury that the plaintiff in this case, by proving her deed from Elbert Nuckols, conveying 135 acres of land and the payment of $3,000.-00 full purchase price for the same, establishes on her part a *prima facie* case. And the court further instructs the jury that the burden of proof is on the defendant to prove by a preponderance of the evidence that at the time she purchased the land the plaintiff or her agent had notice of the contract between the defendant and the witness Nuckols.

"(H). The court instructs the jury that if they believe from the evidence that Elbert Nuckols by deed conveyed to Mrs. White 135 acres of land, and that when the said Nuckols showed the lines of said land to Mrs. White's agent, that he, the said Nuckols, told this agent (A. H. White) that he was selling him 135 acres of land and that the land across the creek was sold, but did not tell him to whom it was sold, that although this would

serve to put the said White upon notice and inquiry, yet, by examining the public records subsequent to this, the said White discharged himself of any liability by reason of such notice, and finding upon such examination that the said Nuckols had sold to one James Brown five acres across and south of the creek, he had the right to believe that the residue of the original tract of 143½ acres still belonged to Nuckols and that he was buying the same. That no particular person being mentioned to Mr. White as the purchaser across the creek, that he was not required to enquire of the public at large.''

[4] (G). It was not error to refuse to give this instruction. The vice in the instruction is that it told the jury that when the plaintiff had made out a *prima facie* case, then the burden shifts to the defendant to show, by a preponderance of the evidence, that when the plaintiff purchased the land she had notice of an outstanding title.

[5] The law requires a plaintiff in ejectment to carry a greater burden than merely making out a *prima facie* case. He must recover, not upon the weakness of the title of the defendant, but upon the strength of his own title. He must vouch a good legal title and also prove his right to the possession of the land in controversy at the time his action of ejectment was brought. Burks' Pl. & Pr., p. 195; *Merryman* v. *Hoover*, 107 Va. 490, 59 S. E. 483.

Until this is done there is no burden upon the defendant.

[6] (H). This instruction is erroneous for the reason that it tells the jury that even though the plaintiff knew as a matter of fact that there was an outstanding title in the defendant, that unless the same appears of record, then the plaintiff is not bound thereby.

The instruction is based upon the provisions of section 5194 of the Code. While the act does contain the language "but the mere possession of real estate shall not of itself be notice to purchasers thereof for value of any interest or estate therein of the person in possession," it was never intended that where the purchaser thereof had actual notice of the existence of a prior contract or conveyance, though unrecorded, that he would be protected in his purchase of the land.

[7] The object of the statute was to prevent actual notice of possession from being construed as constructive notice of title.

Discussing the object of the registry acts in *Ransome* v. *Watson's Admr.** (opinion handed down this day), Judge Burks said: "An intending purchaser was not required to do more than to examine the public records in order to ascertain the state of the recorded title, and when he found this complete he could purchase with safety unless he was affected with notice of defects not disclosed by the record. The object of the registry acts is to give notice, but, of course, if a purchaser knows of defects in the title of his vendor, he takes the title subject to such defects, however perfect the recorded title may be."

In *Lamar* v. *Hale,* 79 Va. 159, it is held: "Notices may be actual or constructive, and whether the one or the other, the result is the same."

In *Doswell* v. *Buchanan,* 3 Leigh (30 Va.) 366, 23 Am. Dec. 280, it is held that to sustain a plea of purchase without notice the party must be a complete purchaser before notice.

The instruction given for the defendant over the objection of the plaintiff is as follows:

[8] 2. "The burden of proof is upon the plaintiff who must fail unless she shows by a preponderance of the

* This case has been witheld from publication because of a pending rehearing, it will probably appear in 145 Virginia.

evidence that at the time she paid for her deed in evidence she was without notice in person or through her agent of the previous sale of the land south of the creek."

This instruction is erroneous. The onus of affecting the plaintiff with notice was upon the defendant. *Lamar* v. *Hale*, 79 Va. 147; *Wasserman* v. *Metzger*, 105 Va. 744, 54 S. E. 893, 7 L. R. A. (N. S.) 1019; *Fisher* v. *Borden*, 111 Va. 535, 69 S. E. 636.

While the law of the case was erroneously stated, the great preponderance of the evidence is to the effect that the plaintiff did have actual notice that a portion of the land herein sought to be recovered was not embraced in her deed. Therefore, under the broad provisions of section 6104 of the Code, we feel constrained to hold that the case should not be reversed on this ground.

[9] Construing this section in *Standard Paint Co.* v. *Vietor*, 120 Va. 610, 91 S. E. 757, Judge Prentis said: "Since the act of March 27, 1914, *supra* [Acts 1914, c. 331], it is apparent that this court should extend the doctrine of harmless error to its logical conclusion, namely, that error is harmless which does not injuriously affect the interests of the party complaining, and that such injury is not presumed but must affirmatively appear from the record. * * *

"In this court the doctrine of harmless error has been frequently announced and enforced in many cases where there has been a misdirection of the jury, refusal to grant proper instructions, when evidence has been illegally admitted, and where there have been mistakes and errors in pleading."

In *Rinehart* v. *Brown*, 137 Va. 681, 120 S. E. 273, it is said: "Since the decision in *Standard Paint Co.* v. *Victor, supra* [120 Va. 595, 91 S. E. 752] the Code of 1919 has gone into effect and it is provided by section 6331 that no judgment shall be reversed 'for any error committed on the trial where it plainly appears from

the record and the evidence given at the trial that the parties have had a fair trial on the merits and substantial justice has been reached.' This goes the limit of harmless error and was so intended, as appears from the note of the revisors attached to that section. It will be observed, however, that there is no presumption that an error is harmless. This provision of the statute is only applicable where it plainly appears from the record that there has been a fair trial on the merits and that substantial justice has been reached. If the record shows this then the formal errors are to be ignored and it is only when this condition plainly appears from the record that the statute is applicable."

[10] On the last phase of the case, namely, whether or not defendant has brought himself within the provisions of section 5471 of the Code, we are of the opinion that he has met the requirements thereof. Though denied by the plaintiff, the evidence of the defendant tends to show that he had fully complied with the contract of sale and was entitled to a conveyance of the fifty-seven acres of land prior to the institution of the plaintiff's action of ejectment.

In *Jennings* v. *Gravely*, 92 Va. 380, 23 S. E. 764, Judge Keith said: "Section 2741 (sec. 5471) of the Code, as we have seen, limits the right of defense on the basis of an equitable title to a vendee in possession under a contract in writing, stating the purchase and the terms thereof, signed by the vendor or his agent, where there has been such payment or performance of what was contracted to be paid or performed as would in equity entitle him to a conveyance of the legal title of the land from the vendor."

Upon the whole case, we are of opinion that the right and justice of the same is with the defendant, and the case will therefore be affirmed.

*Affirmed.*