Present:  All the Justices

MYRA K. LIM

v.  Record No. 971884  OPINION BY JUSTICE CYNTHIA D. KINSER
                                    June 5, 1998
SOO MYUNG CHOI

                FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                        Dennis J. Smith, Judge

     At issue in this appeal is whether a memorandum

written and signed by Myra K. Lim is sufficient to convey

Lim's interest in a certain parcel of real estate to Soo

Myung Choi.  Because the memorandum does not contain any

words or language demonstrating an intent to convey an

interest in real estate, we find that the memorandum is not

a valid deed.  Accordingly, we will reverse the judgment of

the circuit court.

                              I.

     Lim and Choi acquired title to residential real estate

(the Property) in Fairfax County as joint tenants with

right of survivorship by a deed dated October 1, 1973.  On

February 18, 1975, Lim wrote and signed the following

memorandum (the Memorandum):

     To:  Mr. Soo-Myung Choi

     Re:  House at 3111 Graydon Street, Falls Church,
          Virginia, 22042 (Lot # 318, Sq. 6)

          I purchased the above property on October 1,
     1973, jointly with Mr. Soo-Myung Choi as a co-owner.
     However, I hereby state that the ownership of the

above property belongs fully to Mr. Soo-Myung Choi, and that the above property is not a nature of thing for which I assume responsibility in paying mortgage.

In the event that Mr. Soo-Myung Choi sells or rents the above house and needs my signature for the release, I will gladly and without delay respond to the occasion.

I hereby make it clear that I shall not involve myself in the matter concerning financial gains or losses of the above house, and that all rights belong to Mr. Soo-Myung Choi alone.[1]

On May 25, 1982, Lim filed a bill of complaint requesting the court to partition the Property. Choi responded by filing a cross-bill to quiet title, asserting that Lim had surrendered any interest in the Property when she signed the Memorandum. Choi further alleged that he made all the mortgage payments on the Property. In her answer to Choi's cross-bill, Lim asserted that the Memorandum was invalid and denied most of the other allegations.

By a decree of reference, the circuit court appointed a commissioner in chancery and directed the commissioner to hear evidence related to this cause. The commissioner conducted a hearing on March 16, 1988. At the hearing, Lim testified that she provided the funds for the down payment to purchase the Property as well as the settlement costs

---

[1] Because Lim wrote the Memorandum in Korean, the above language is a translation of the original document.

and security deposit.  She further testified that she made payments on two mortgages on the Property until December 1975.  With regard to the Memorandum, Lim stated that Choi forced her to write it by beating her and then threatening her with a gun.

In contrast, Choi testified that Lim became a co-owner of the Property for the purpose of helping Choi obtain a loan since he did not otherwise qualify for one.[2]  Choi also stated that he has made all the mortgage payments since January 1975.[3]  Finally, Choi denied owning a gun and claimed that he did not use violence or threats to force Lim to execute the Memorandum.

The commissioner filed his report in December 1994. In the report, the commissioner stated that neither party presented sufficient evidence to overcome the prima facie validity of the deed conveying the Property to them as joint tenants with right of survivorship.  Accordingly, the commissioner recommended that a decree be entered directing

_____

[2]  Both Lim and Choi testified that Lim signed both deed of trust notes, yet the record contains neither the notes nor the deeds of trust.  The record does, however, include a release of one mortgage to Choi.

[3]  According to Choi, Lim sometimes made the mortgage payments in an effort to repay debts that she allegedly owed him.

3

the sale of the Property and also dismissing Choi's cross-bill.

However, the chancellor ordered the commissioner to file a supplemental report and specifically requested the commissioner to amplify his findings of fact regarding the Memorandum's validity. The commissioner filed a new report on July 31, 1996, in which he found that "[t]he 'memorandum' operated as a deed and served to quitclaim or release Ms. Lim's interest in the property to Mr. Choi" and that sufficient consideration existed to support the transfer. The commissioner also found that Lim failed both to allege and to prove by clear and convincing evidence that Choi obtained the Memorandum from her by duress. Thus, the commissioner recommended that the court dismiss Lim's bill of complaint for partition and sustain Choi's cross-bill to quiet title and to vest title to the property in him.

Lim filed exceptions to the commissioner's supplemental report; however, the chancellor entered a November 5, 1996 decree sustaining the commissioner's findings. Subsequently, on June 6, 1997, the chancellor entered a decree vesting title in the Property to Choi. Lim appeals.

II.

4

In considering this appeal, we adhere to the established standard of review regarding a chancellor's decree which approves a commissioner's report. Such a decree will be affirmed "unless plainly wrong or without evidence to support it." Chesapeake Builders, Inc. v. Lee, 254 Va. 294, 299, 492 S.E.2d 141, 144 (1997); see also Firebaugh v. Hanback, 247 Va. 519, 525, 443 S.E.2d 134, 137 (1994). Although a commissioner's report does not carry the weight of a jury verdict, Code § 8.01-610, a chancellor should sustain it if the evidence supports the commissioner's findings. Hill v. Hill, 227 Va. 569, 576-77, 318 S.E.2d 292, 296 (1984). This rule "applies with particular force to the report's factual findings which are based on evidence heard by the commissioner;" however, it does not apply to "pure conclusions of law" found in the commissioner's report. Chesapeake, 254 Va. at 299, 492 S.E.2d at 144. In accord with this standard of review, we hold that the chancellor in this case erred in sustaining the commissioner's report concluding that the Memorandum constituted a valid, enforceable deed.

The requirements for a deed are "competent parties, a lawful subject matter, a valuable consideration, apt words of conveyance, and proper execution." Morison v. American Ass'n., Inc., 110 Va. 91, 92, 65 S.E. 469, 470 (1909). Lim

argues that the Memorandum lacks consideration and is, therefore, not a valid deed.  Choi, however, contends that the Memorandum's language regarding Lim's refusal to assume responsibility for the mortgage payments is an implied promise by Choi to continue paying the mortgage.  Thus, according to Choi, his implied assumption of the mortgage payments constitutes adequate consideration.  However, we do not need to decide whether adequate consideration exists because the Memorandum lacks any words or language demonstrating an intent to convey property and is, therefore, not a valid deed.

A writing need not be in any particular form to constitute a deed.  Albert v. Holt, 137 Va. 5, 8, 119 S.E. 120, 121 (1923).  Nonetheless, a document purporting to convey title must contain operative words manifesting an intent to transfer the property.  See Morison, 110 Va. at 92-93, 65 S.E. at 470.  In Albert, this Court addressed the validity of a deed in which the grantors did "give, bargain, and sell" the property at issue.  Albert, 137 Va. at 7, 119 S.E. at 121.  The grantors argued that the deed lacked words of conveyance and was, therefore, defective. In rejecting that argument, this Court noted that while Code § 5162 (now Code § 55-48) used the term "grant" in providing the form for a deed of conveyance, it was not an

6

"indispensable requisite" to a valid deed.  Id. at 9, 119 S.E. at 121.  Thus, the statutory form was not "invariable."  Id. at 8, 119 S.E. at 121.  The Court then examined the deed's language and found "the intention to 'grant' . . . so manifest . . . that no other construction could be put upon it."  Id. at 10, 119 S.E. at 122.  Therefore, use of technical words or strict compliance with the form in Code § 55-48 is not necessary to effect a transfer if the language used "plainly shows" on the face of the document a clear intent to convey title.  Morison, 110 Va. at 92, 65 S.E. at 470.

To determine whether an intent to convey exists in the present case, we examine the Memorandum's language, and, in doing so, construe that language liberally so as to give effect to the parties' intention "if there are sufficient words to declare clearly and legally the maker's meaning."  Albert, 137 Va. at 10, 119 S.E. at 122.  We find no words in the Memorandum indicating an intent by Lim to transfer her interest in the Property to Choi.  Rather, the Memorandum is replete with contemporaneous statements by Lim regarding her belief as to the Property's current status.  Lim claims that Choi is the owner of the Property, that she is not responsible for the mortgage, and that she is not involved in any financial matters concerning the

7

Property.  However, unlike the deed at issue in Albert, at no point in the Memorandum does Lim express an intent, through words of conveyance or otherwise, to transfer her interest in the Property to Choi.  Thus, the Memorandum is void of any language indicating an intent to convey, and, finding no words of conveyance, we will not "rewrite [a] deed to express an intention that is otherwise indiscernible."  Walker v. Bowman, 227 Va. 209, 214, 315 S.E.2d 206, 209 (1984).  Accordingly, we hold that the Memorandum does not constitute a valid deed and does not, therefore, transfer Lim's interest in the Property to Choi.[4]  Lim and Choi continue to own the Property as joint tenants with right of survivorship.

Thus, for the reasons stated, we will reverse the judgment of the circuit court and remand for entry of a decree of partition.

Reversed and remanded.

---

[4]  Because we hold that the Memorandum is not a valid deed, we need not consider Lim's assignment of error regarding the defense of duress.