# CIRCUIT COURT OF FAIRFAX COUNTY

Ann Harris

v.

Patrick Finnerty

October 26, 2006

Case No. (Chancery) 2006-3331

BY JUDGE R. TERRENCE NEY

This matter came before the Court on the plaintiff's Appeal of the final administrative order of the Virginia Department of Medical Assistance Services ("DMAS"), dated January 19, 2006. Upon consideration of the memoranda submitted by the parties, the Court finds as follows.

*Facts*

The plaintiff, Ms. Ann Harris, is a 61-year-old woman who resides in Fairfax County. On August 29, 2004, she deeded her home to her son, Mr. Richard M. Harris, Jr., and, on the very next day, she sold him her home, with a market value of $600,000. Department of Medical Assistance Services Appeal Decision, 2, Jan. 19, 2006 (hereinafter *Appeal Decision*). Because the plaintiff suffers from brain injury, spinal chord injury, seizure disorders and is paraplegic, she applied for Medicaid long-term care eligibility ("LTC services"), which would have enabled her to remain home while receiving medical services. Appellant's Mem. 3. She met the criteria on March 17, 2005, and soon thereafter, a social worker began the authorization process. *Appeal Decision, supra,* at 3.

Ms. Harris claims she faced foreclosure on her home because she could no longer meet the terms of a promissory note in the amount of $351,070.51. To prevent foreclosure, she agreed to refinance her home by transferring her property to her son. *Id.* at 4. The lender had stipulated that, in order to refinance the property, the home must be transferred to Mr. Harris because of Ms. Harris' low income. Appellant's Mem. 3.

A deed, dated August 19, 2004, gave Mr. Harris title to the property, for which Mr. Harris obtained a loan to pay off the lien. Less closing costs and remaining taxes, the final equitable value was $247,036.76. *Id.* at 3-4. A month prior to the deed, a lease agreement was entered into between Mr. Harris and his mother by which he purported to convey to her a life estate in the property. *Id.* at 4.

In April 2005, the Fairfax Department of Family Services ("DFS") notified Ms. Harris that, in light of her recent transfer to her son of the home, she would not be eligible for LTC services because the transaction was an uncompensated asset transfer, for which she would be penalized. *Id.* at 4; *Appeal Decision, supra,* at 5. Ms. Harris appealed that decision and presented as evidence the amended lease agreement that granted her a life estate in the property. The Assistant Attorney General argued that the agreement did not create a life estate for Ms. Harris and the DMAS agreed. This appeal followed.

### Standard of Review

Pursuant to Va. Code Ann. § 2.2-4025(B), the court's review is based only upon the agency record, and the court will not consider additional evidence. The court is limited to ascertaining whether there was evidence in the agency record to support the case decision of the agency acting as trier of fact.

As such, the party seeking review, in this case, Ms. Harris, has the burden to demonstrate an error. In other words, this Court must show deference to the agency below, by taking due account of the presumption of official regularity, the specialized competence of the agency, and the purpose of the basic law under which the agency acted. Code Ann. § 2.2-4027 (2006).

This court's review of the agency's factual determinations is determined through the "substantial evidence" standard, a review that is limited to determining "whether there was substantial evidence in the agency record to support the decision." *Turner v. Jackson,* 14 Va. App. 423, 429-30, 417 S.E.2d 881, 886 (1992). "Substantial evidence" is any "such relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Mulvey v. Jones,* 41 Va. App. 600, 603, 587 S.E.2d 728, 729

(2003) (quoting *Virginia Real Estate Comm'n v. Bias*, 226 Va. 264, 308 S.E.2d 123 (1983)). Apparent in this standard is the intention to lend "stability and finality to the fact-findings of an administrative agency." *Virginia Real Estate Comm'n v. Bias*, 226 Va. 264, 269, 308 S.E.2d 123, 125 (1983).

This Court may reverse the agency's decision only if it finds that the decision was arbitrary or capricious. That is the applicable standard where the agency uses its expert discretion, and it is inappropriate for the court to substitute its independent judgment for the agency's. *Fralin v. Kozlowski*, 18 Va. App. 697, 701, 447 S.E.2d 238, 240 (1940). Yet, because the substantive issue presented here is a question of law, whether the lease created a life estate, it falls outside the expertise of the local agency, and as such, little deference is required. *Id.*

The scope of the court's review is not limited because the agency itself did not determine the question of the life estate on its own, but rather relied on its correspondence with the Attorney General. It is up to the Court to determine whether the Attorney General's judgment was correct or not.

*Analysis*

And so the question presented is whether Ms. Harris received a life estate through this conveyance? In Virginia, intention controls, as there is no talismanic language required to create a life estate. *See Robinson v. Caldwell*, 200 Va. 353, 356, 105 S.E.2d 852 (1958); *Horne v. Horne*, 181 Va. 685, 691, 26 S.E.2d 80 (1943). *See also Lim v. Soo Myung Choi*, 256 Va. 167, 171, 501 S.E.2d 141, 143 (1998) ("A writing need not be in any particular form to constitute a deed."). Whether by explicit or implicit language, a life estate may be created. *Edwards v. Bradley*, 227 Va. 224, 229, 315 S.E.2d 196 (1984). Only when there is a power of disposal must the conveyance expressly mention a life estate. *See Hall v. Hoak*, 184 Va. 821, 36 S.E.2d 567 (1946); *Moore v. Holbrook*, 175 Va. 471, 9 S.E.2d 447 (1940); *Clarkson v. Bliley*, 185 Va. 82, 38 S.E.2d 22 (1946).

Notwithstanding, the Virginia General Assembly, through § 55-2 of the Virginia Code, has given clear guidance as to how a life estate is created:

> No estate of inheritance or freehold or for a term of more than five years in lands shall be conveyed unless by deed or will, nor shall any voluntary partition of lands by coparceners, having such an estate therein, be made, except by deed.

In other words, any freehold, such as a life estate, must be in writing and by deed or will. Plaintiff argues that, based on Virginia Code § 55-48, the lease amendment amounts to a form of a deed and that, therefore, the intent of the lease amendment controls this decision.

The Court does not find this argument persuasive. The lease is just that, a lease. It is not a deed and, as a result, not the type of instrument required in Virginia to create a life estate.

For these reasons, the plaintiff's Appeal is denied.