THOMPSON, J.,
delivered, verbally, the opinion of the court, affirming the decree. The views taken were substantially as follows :
It is very certain, upon the authorities cited by the counsel for the appellees, and upon others occurring to the court, that the alienage of John Hague did not incapacitate him from making a valid devise to a citizen, or person competent to take and hold real estate.
Upon the second point, the court is of opinion, that the rule in Shelley’s case is inapplicable to the devise; that John H. Craddock, therefore, took neither a fee simple absolute, nor an estate tail by implication ; but only a life-estate — to confine him to which, was the unquestionable intention of the testator — with a contingent remainder to his children, if any he should have, (the word “heirs” being, in the opinion of the court, a word of purchase, and not of limitation, meaning children,) with a limitation over, bj' way of executory devise or springing use, to the other children of the testator, in the event of the failure of John H. Craddock to leave children. If the rule in Shelley’s case were applicable, then John H. Craddock would take a fee tail, by implication, which would be converted into a fee simple absolute by our statute, and the limitation over would be void, because after an' indefinite failure of issue, so that in fact, the only question upon the devise is as to the application of the rule in Shelley’s case, and it being held not to apply, it results as a necessary consequence *that the devise is a good •executory devise, under which, had John H. Craddock died without issue, or children, the property would have vested in the surviving children of the testator; but as he died leaving children (the plaintiffs in the suit), it vests in them in fee simple, and therefore, upon the special verdict, the Circuit Court properly decided in favor of the plaintiffs.