# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

ROBINSON ET ALS. v. ROBINSON ET ALS.

December 8th, 1892.

WILLS—*Construction*—*Case at bar.*—Testator left at his death widow and two infant sons. By clause 4 of his will he said : " I give to my children by her, and their descendants at their death, the remainder of my property," &c. One of them died a minor, unmarried and without issue.

HELD :

    (1) The words of the devise are not words of limitation, vesting the inheritance in the sons, in whom they invest an estate for life only ; but words of purchase, conferring a contingent remainder on their children.

    (2) One son having died a minor, unmarried and without issue, the contingent remainder to his children failed, and the inheritance passed to his brother.

    (3) The maternal kindred were entitled to no portion of the real estate devised as aforesaid to the decedent.

Appeal from a decree of the chancery court of the city of Richmond, rendered December 23d, 1890, in a suit wherein the appellee, Lyons, guardian, was complainant and Richard F., Portaux, Raleigh, Elizabeth, and Harriet Robinson were defendants. The decree being adverse to the latter, they appealed to this court. Opinion states the case.

*H. G. Cannon, E. Y. Cannon, S. D. Davies,* and *Williams & Boulware,* for appellants.

*James Lyons* and *R. C. Minor,* for appellees.

FAUNTLEROY, J., delivered the opinion of the court.

The appellants (defendants below) filed their petition, in the nature of a bill of review, asking the court to review and reverse, vacate and annul, so much of a decree entered in said suit on the 29th of June, 1889, as approved and confirmed that part of the report of Commissioner Leake construing the will of John A. Robinson, deceased. All parties interested were made defendants to the said petition, and they duly answered. the same ; and, the cause being heard upon the said petition and answers, the court, by its decree of the 23d day of December, 1890, re-affirmed the said decree of the 29th of June, 1889, and dismissed the said petition.

The facts, as disclosed by the record, are as follows : John A. Robinson died in the city of Richmond, Virginia, on the 1st day of August, 1873, seized and possessed of valuable real estate in said city, having made his last will and testament, which was duly admitted to probate in the chancery court of the city of Richmond on the 25th day of October, 1873. He left surviving him his widow, Mary E. Robinson, and two infant sons of tender years, Ashlin and Anthony Robinson, as his sole devisees. The widow, Mary E. Robinson, renounced the provision made for her in the said will, and qualified as executrix named in the will. On the 6th day of November, 1885, the infant, Ashlin Robinson, died, in infancy, unmarried and without issue, leaving surviving him his mother, the said Mary E. Robinson, and his infant brother, Anthony Robinson. On. the 13th of November, 1889, the said Anthony Robinson died—an infant, unmarried, and without issue.

In the cause of James Lyons, guardian of Anthony Robinson, for the sale of his real estate in his lifetime, the cause was referred to Commissioner Leake, for certain purposes, who, on the 19th day of June, 1889, among other things, reported that, as to all the residue of the real estate devised by John A. Robinson, the infants, Ashlin and Anthony

Robinson, each took an estate in fee simple; and that upon the death of Ashlin Robinson, under age, and without issue, his share passed, by operation of law, to his infant brother, Anthony Robinson, in fee simple; and that such estate, inherited from Ashlin Robinson by Anthony Robinson, would, on the death of Anthony, though an infant, pass to his paternal and maternal kindred in moieties. The court, by the decree of June 29th, 1889, in all things ratified, approved, and confirmed Commissioner Leake's said report, so construing the will of John A. Robinson.

The controversy is between the paternal and maternal kindred of the deceased infant, Anthony Robinson; and it arises out of the fourth clause of the said will of John A. Robinson, deceased, the father of the said infant, Anthony Robinson. There is no dispute or contention as to any other portion of the will, though other parts of the will throw a strong light upon the intention of the testator as expressed in this fourth clause—viz.: "I give to my children by her, and their descendants at their death, the remainder of my property," &c. In various places throughout the will of John A. Robinson he uses the words "*children*" and "*descendants*" as equivalent and synonymous words; and the question thence arises, What estate did Ashlin and Anthony Robinson, infants, aged respectively three and five years, and only children of the testator, take at his death, in the remainder or balance of his property devised by this fourth clause of his will? We think it is too plain for doubt that the testator intended, by the language of the devise, to give to his said infant children, Ashlin and Anthony Robinson, an estate for life, each, in the said remainder of his property, with remainder to the children of the said infant devisees. The words "*at their death*" are, as restraining words, fully equivalent to the words "*for life*," and they show clearly the intention of the testator to

limit the estate given to the infants to an estate for life. Any other construction would render the words "at their death" inoperative, insensible, and unmeaning.

In the case of *Smith* v. *Bell*, 6 Peters 68, a bequest to the testator's wife, of his personal estate, "for her own use and benefit and disposal absolutely," "the remainder of said estate, *after her decease*, to be for the use of Jesse Goodwin," the testator's son, the Supreme Court of the United States unanimously held that the gift of the remainder to the son, after the decease of the wife, restrained the bequest to the wife to an estate for her life. Chief Justice Marshall, in that case, said : "These words ['after her decease'] give the remainder of the estate, after his wife's decease, to the son, with as much clearness as the preceding words give the whole estate to the wife. * * * Either the bequest to the son must be stricken out, or it must limit the bequest to the wife, and confine it to her life. The limitation in remainder shows that, in the opinion of the testator, the previous words had given only an estate for life. This was the sense in which he used them." The words of this devise do not denote an indefinite succession. They are not words of limitation, vesting an inheritance in the infant devisees, Ashlin and Anthony Robinson ; but they are words of purchase, vesting a remainder in their children, as purchasers under the will of their grandfather, the testator, John A. Robinson. 2 Minor's Institutes 351, 83, 404, 411, 412 ; *Moon* v. *Stone*, 19 Gratt. 130 ; *Taylor* v. *Cleary*, 29 Gratt. 451 ; 1 H. & M. 240 ; 1 P. & H. 250.

Ashlin Robinson having died a minor, unmarried and without issue, the contingent remainder to his children having failed, the inheritance remained in his infant brother, Anthony Robinson, (who survived him,) as the heir of his father, the testator, John A. Robinson ; and, Anthony Robinson having died an infant, unmarried and without issue, all

the estate possessed by him, having been derived from his father, passed, at his death, to his paternal kindred—to the exclusion of his maternal kindred.

The decree of the 29th of June, 1889, was erroneous, in so far as it adjudged and decreed that the maternal kindred of the infant, Anthony Robinson, are entitled to any portion of the real estate aforesaid of which he died seized and possessed; and the decree of December 23d, 1890, affirming the decree of 29th of June, 1889, and dismissing the petition of the appellants, praying to review and reverse the decree of June 29th, 1889, in the particular aforesaid, is erroneous; and the judgment of this court is to reverse and annul both of the aforesaid decrees appealed from.

DECREES REVERSED.