MARGARET E. MORSE v. THOMAS LAUGHTON BLOOD and Others.[1]

June 8, 1897.

Nos. 10,507—(189).

Wills—Conditional Bequest—Validity.

> A testator devised and bequeathed his real and personal property to his wife on condition that in no case shall she give or bequeath one cent of said estate to any member of his family or any relation of her own. *Held*, the condition is against public policy, and void, for being in restraint of alienation.

Appeal by defendants from an order of the district court for St. Louis county, Moer, J., sustaining a demurrer to the answer. Affirmed.

*Daniel G. Cash*, for appellants.
*Walter Ayers*, for respondent.

CANTY, J.    Plaintiff brought this statutory action to determine the adverse claims of defendants to certain described parcels of real estate.    The answer alleges that, at the time of his death, one Henry Blood, Jr., was the owner of all of said real estate; that plaintiff is his surviving widow; that, prior to his death, he duly made his last will in words as follows:

"I hereby constitute and appoint my wife, Margaret E. Blood, my sole executrix.    I give and devise to my said executrix, in case of there being no issue of our marriage, all my estate, real, personal, and mixed, of which I shall die seized and possessed, or to which I shall be entitled at the time of my decease, she to control and dispose of which in whatever manner she may deem fit, on condition that in no case shall she give or bequeath one cent of said estate to any member of my family, or to any relation of her own."

The answer further alleges that said testator has since died; that defendants are his heirs at law; and that, if said condition is ever broken, they will have a right of entry therefor.    Defendants appeal from an order sustaining a demurrer to this answer, on the ground that it does not state facts sufficient to constitute a counterclaim or defense.

[1] Reported in 71 N. W. 682.

The only question argued by counsel is whether or not the said condition in the will is void, for being in restraint of alienation. It is evident that the title devised to plaintiff is one in fee simple. There is a conflict of authority as to when a condition against alienation to particular persons or classes of persons attached to such a title is void. See Gray, Restr. Alien. Prop. §§ 31-44. Some of the cases hold that the condition is good if it merely prohibits alienation to certain persons or classes of persons, and bad if it allows alienation only to certain persons or classes of persons. Other cases hold that the condition is good unless it takes away substantially the whole power of alienation. We doubt the correctness of the latter rule.

Conceding that, as a general proposition, a condition against alienation to particular classes of persons is good, still such a condition may be so vexatious as practically to prohibit all alienation for at least a limited time. Thus, in the present case there are many parcels of land. If the condition is good, any purchaser from plaintiff of any parcel takes it at the peril of subsequent forfeiture by any act done by plaintiff after the purchase amounting to a breach of the condition. Thus, plaintiff might give one of her relatives or one of the testator's family a meal of victuals out of the property left her by her deceased husband, and it would forfeit the whole estate so devised to her, as well that part of it which she had conveyed away to strangers as that part which she still held. If this condition is good, it is a most effectual method of restraining all alienation of the property during the life of the plaintiff, and until such time after her death as it can be definitely ascertained that she committed no breach of the condition in her lifetime. No one would during this period of time pay a fair price for the property, and take the risk of such a forfeiture of his title. There is much authority for holding that a condition wholly restraining the alienation of a fee simple title for a length of time is void. Gray, Restr. Alien. Prop. §§ 47, 54.

This is undoubtedly the law when such time extends much beyond the period of the infancy of the grantee. Id. The experience of ages has shown that to permit fee-simple titles to be tied up by conditions which subject them to forfeiture has a strong tendency to prevent the improvement of the property or any proper use being made of it, and to prevent the development of the country. Conditions restrain-

ing alienation are, for this and other reasons, odious to the law, and against public policy.    The same public policy which discountenances such conditions gave us the rule against perpetuities.    Not only does the condition in this case tend to prohibit all alienation during the life of plaintiff, and for some time afterwards, but it is also inconsistent with itself.    If plaintiff commits a breach of the condition, the property vests in her late husband's heirs, though this condition was inserted to prevent them from ever getting any benefit from the property.

Again, plaintiff is not allowed to give or bequeath this property to her own heirs; but, if she dies intestate, the property will descend to her heirs, by operation of law.    Surely, if she dies intestate, this condition will not cause the property to escheat to the state; and, as such conditions are construed strictly, the condition will not prevent the property from descending by operation of law to her heirs.    Then the condition is not only inconsistent with the grant, but it is inconsistent with itself.    It is merely a mischievous and technical condition, which can have scarcely any effective purpose except to restrain the alienation of the property to strangers generally, as well as to her relations and his family.    In Barnard v. Bailey, 2 Har. (Del.) 56, a provision similar to this condition was held void, for being in restraint of alienation.    See, also, Ludlow v. Bunbury, 35 Beav. 36.    Then, in our opinion, this condition is void as against public policy.    We have reached this conclusion on common-law principles, and have not considered the effect of G. S. 1894, § 4407.

Order affirmed.