## LODOWIC D. HAUSE v. ANNIE O'LEARY AND OTHERS.[1]

February 16, 1917.

Nos. 20,148—(254).

**Will — remainder in fee — restriction of power to sell.**

1. A devise of a remainder in fee to the son of the testatrix, "provided that he shall not sell the said described premises for five years after his father's death," does not violate the statute against perpe-

[1]Reported in 161 N. W. 392.

tuities as the restriction is imposed upon the son only and would terminate at his death, but the restriction is void as repugnant to the grant of a remainder in fee.

**Same — legacies charge upon land devised.**

2. The testatrix, who possessed no other property, gave her husband a life estate in the land, and gave her son the remainder in fee coupled with a provision that certain legacies should be paid to her daughter. *Held* that the legacies are a charge upon the land.

**Probate court without jurisdiction — same with district court on appeal.**

3. The probate court has no jurisdiction to determine a controversy between a devisee and one who claims to have succeeded to his rights in the estate, and an appeal from the probate court to the district court does not confer jurisdiction upon the latter court to determine such controversy.

From an order of the probate court for Dakota county, Moran, J., assigning the residue of the estate of Mary O'Leary, deceased, to her children, Annie O'Leary, Mary Foley, Bridget Manning, Daniel O'Leary and John O'Leary, Lodowic D. Hause appealed to the district court for that county. The appeal was heard by Converse, J., who reversed the the decree of the probate court, and assigned the residue of the estate to John O'Leary, Jr., son of the testatrix, subject to the restriction that he should not sell the premises for five years after his father's death and charged with the bequests to his sisters specified in the will, without prejudice to any lawful conveyance or incumbrance of said premises theretofore made by him. From an order denying his motion for amended findings and for judgment in his favor or for a new trial, Lodowic D. Hause appealed. From an order denying their motion for amended findings, or for judgment or for a new trial, Annie O'Leary and the other children appealed. Modified.

*W. H. Gillitt,* for Lodowic D. Hause.

*Kueffner & Marks* and *McElwee & Payte,* for Annie O'Leary and her sisters.

TAYLOR, C.

Mary O'Leary died September 13, 1885, at the town of Egan in the county of Dakota, leaving the following will:

"I give and bequeath to my husband, John O'Leary, all my real es-

tate (being the west half of the southwest quarter of section fourteen in township number twenty-seven, range number twenty-three, in said county and state), during his natural life, and after his death, said real estate to descend to my son John O'Leary, together with all the hereditaments and appurtenances belonging or in any wise appertaining, to have and to hold the premises above described to the said John O'Leary, my son, his heirs and assigns forever, provided, that he shall not sell the said described premises for five years after his father's death; provided also that my daughter Mary, shall be paid the sum of two hundred dollars in four annual instalments, the first instalment to be paid in two years after my husband John O'Leary's death, and yearly thereafter; and provided that my daughter Bridget shall be paid the sum of two hundred dollars to be paid in two annual instalments after my daughter Mary is paid; provided, also, that my daughter Annie shall be paid the sum of two hundred dollars in two annual instalments after my daughter Bridget is paid. I hereby appoint my husband sole executor of this my last will and testament, hereby revoking all former wills made by me."

It is stipulated that the decedent owned the land described in the will; that it was not a homestead; and that she possessed no other property. The will was admitted to probate and allowed on February 11, 1886, and its provisions were accepted by her husband in writing. He was appointed executor, but died January 4, 1911, without having closed the estate. On March 17, 1915, the probate court made a final decree, assigning the land to all the children in equal shares, on the ground that the devise to the son John suspended the power of alienation for a term not measured by two lives in being and was void under the statute. An appeal was taken to the district court, which held the will valid in all respects, and assigned the land to John subject to the restriction that he should not sell the same for five years after his father's death, and also subject to the legacies to the daughters which the court declared a charge upon the land. A further appeal brings the matter before this court.

The first question is whether the devise to the son is void under sections 6664 and 6665, G. S. 1913. These statutes declare every future estate void in its creation which suspends the absolute power of alienation

for a longer period than during the continuance of two lives in being at the creation of the estate.

"A devise of land, which suspends the absolute power of alienation for a fixed period, however short, without reference to lives in being, is void; for no suspension of the power of alienation is valid, unless it must in every contingency terminate within the period of two lives." Rong v. Haller, 109 Minn. 191, 123 N. W. 471, 806, 26 L.R.A.(N.S.)825; Simpson v. Cook, 24 Minn. 180. The devise in question provides that the son John "shall not sell the said described premises for five years after his father's death." If this suspends the absolute power of alienation for a period of five years, the devise is within the inhibition of the statute and void. But, as said in the Rong case, "if the language of the will be reasonably susceptible of two constructions, one of which will invalidate the will and the other sustain it, the latter construction must be adopted." The language used here prohibits John from selling the land for five years after his father's death. It does not purport to prohibit any one else, to whom the land may pass, from selling it at any time, and the trial court correctly held that the restriction applied to John only, and did not apply to the estate, nor to those to whom the estate would pass at the death of John. In other words, there is no general suspension of the power of alienation, but merely an attempt to deprive John of such power for a specified period. If John should die before this period has elapsed, the land will descend to those whose power to alienate it is not limited in any manner. As so construed, the restriction must terminate at the death of John, in any event, and the devise does not offend the statute forbidding perpetuities.

The estate devised to John was a remainder in fee subject to his father's life estate, and the second question is whether the restriction placed upon John's power of alienation is void because repugnant to the estate granted to him. Perhaps the leading case upon this question in this country is Mandlebaum v. McDonell, 29 Mich. 78, 18 Am. Rep. 61, in which, after an exhaustive consideration of the authorities from the time of Littleton down, the court say:

"We are entirely satisfied there has never been a time since the statute *quia emptores* when a restriction in a conveyance of a vested estate in fee simple, in possession or remainder, against selling for a particular

period of time, was valid by the common law. And we think it would be unwise and injurious to admit into the law the principle contended for by the defendant's counsel, that such restrictions should be held valid, if imposed only for a reasonable time. It is safe to say that every estate depending upon such a question would, by the very fact of such a question existing, lose a large share of its market value. Who can say whether the time is reasonable, until the question has been settled in the court of last resort; and upon what standard of certainty can the court decide it? Or, depending as it must upon all the peculiar facts and circumstances of each particular case, is the question to be submitted to a jury? The only safe rule of decision is to hold, as I understand the common law for ages to have been, that a condition or restriction which would suspend all power of alienation for a single day, is inconsistent with the estate granted, unreasonable and void."

In Potter v. Couch, 141 U. S. 296, 11 Sup. Ct. 1005, 35 L. ed. 721, the court say:

"The right of alienation is an inherent and inseparable quality of an estate in fee simple. In a devise of land in fee simple, therefore, a condition against all alienation is void, because repugnant to the estate devised * * * And on principle, and according to the weight of authority, a restriction whether by way of condition or devise over, * * * against any and all alienation whatever during a limited time, of an estate in fee, is likewise void, as repugnant to the estate devised to the first taker, by depriving him during that time of the inherent power of alienation."

The doctrine of these cases has been followed and applied by the courts generally. Zillmer v. Landguth, 94 Wis. 607, 69 N. W. 568; Anderson v. Cary, 36 Oh. St. 506, 38 Am. Rep. 602; Murray v. Green, 64 Cal. 363, 28 Pac. 118; Latimer v. Waddell, 119 N. C. 370, 26 S. E. 122, 3 L.R.A.(N.S.) 668; Christmas v. Winston, 152 N. C. 48, 67 S. E. 58, 27 L.R.A.(N.S.) 1084; Jones v. Port Huron E. & T. Co. 171 Ill. 502, 49 N. E. 700; Clark v. Clark, 99 Md. 356, 58 Atl. 24; McCleary v. Ellis, 54 Iowa, 311, 6 N. W. 571, 37 Am. Rep. 205; Kessner v. Phillips, 189 Mo. 515, 88 S. W. 66, 107 Am. St. 368, 3 Ann. Cas. 1005; Winsor v. Mills, 157 Mass. 362, 32 N. E. 352; Manierre v. Welling, 32 R. I. 104, 78 Atl. 507, Ann. Cas. 1912C, 1311; Hill v. Gray, 160 Ala. 273, 49 South. 676; Freeman v. Phillips, 113 Ga. 589, 38 S. E. 943;

Greene v. Greene, 125 N. Y. 506, 26 N. E. 739, 21 Am. St. 743; Seay v. Cockrell, 102 Tex. 280, 115 S. W. 1160; Diamond v. Rotan, 58 Tex. Civ. App. 263, 124 S. W. 196; Allen v. Craft, 109 Ind. 476, 9 N. E. 919, 58 Am. Rep. 425. Morse v. Blood, 68 Minn. 442, 71 N. W. 682, also recognizes the rule announced in the above cases.

Several of the cases cited, notably Kessner v. Phillips, 189 Mo. 515, 88 S. W. 66, 107 Am. St. 368, 3 Ann. Cas. 1005, call attention to the distinction between a grant of the fee coupled with an attempt to limit the power of alienation, and a so-called "spendthrift trust;" and, while recognizing spendthrift trusts as valid, reject as void any restriction upon the power of alienation attached to a grant of the fee either in possession or in remainder. The evidence in the present case shows that John had not been of normal mentality since receiving an injury in his boyhood, and that his condition finally became such that some six years ago he was committed to an insane hospital. It is likely that the fear that he would fritter away his property prompted his mother to attempt to restrain him from doing so for a limited time after he was deprived of the guiding influence of his father. But she made no attempt to establish a spendthrift trust, and, as a restriction upon the power of alienation cannot be attached to the grant of a remainder in fee, we feel constrained to hold that the provision that John should not sell for a period of five years after his father's death is void.

The third question is whether the legacies to the daughters are a charge upon the land. We agree with the trial court in holding that they are. The testatrix possessed no property except the land. She gave a life estate in the land to her husband, and gave the remainder in fee to her son, provided that her daughters should each be paid the sum of $200 in instalments as therein specified, the first instalment to be paid within two years after the death of her husband. This provision indicates that the testatrix intended that the gift to the son should be subject to the payment of the legacies to the daughters. Spangler v. Newman, 239 Ill. 616, 88 N. E. 202; Theobald v. Fugman, 64 Oh. St. 473, 60 N. E. 606; Stuart v. Robinson, 80 Miss. 290, 31 South. 903, 92 Am. St. 603. As she possessed no personal property and no other real estate, and must be presumed to have known that fact, this land

is the only property out of which she could have intended the legacies to be paid, and they are a lawful charge upon it.

The parties ask an adjudication as to the rights of appellant Hause, who claims to have succeeded to the rights of the son in the land. The final decree of the probate court determines merely to whom, and upon what conditions, the property passed at the death of the decedent. That court has no jurisdiction to determine the validity or effect of transfers or conveyances of the property made by heirs or devisees after the death of the decedent. Upon appeal the appellate court, unless it affirmes the judgment of the probate court, is required to render such judgment as the probate court ought to have rendered (G. S. 1913, § 7497), and its jurisdiction is necessarily limited to those matters of which the probate court had judisdiction. Turner v. Fryberger, 99 Minn. 236, 107 N. W. 1133, 109 N. W. 229. It follows therefore that if there be a controversy as to whether Hause has succeeded to the rights of the devisee, such controversy cannot be determined in this proceeding.

The trial court will modify the judgment appealed from by striking out the following provision: "And subject further to the restriction that he shall not sell said premises for five years after his father's death," and will amend its conclusions of law to conform thereto. As so modified the judgment is affirmed.