# Richmond

FRANK M. ROBINSON, ET AL., ETC. v. FRANK M. CALDWELL, ET AL.

December 1, 1958.

Record No. 4824.

Present, All the Justices.

The opinion states the case.

*Hale Collins* (*John T. Delaney*, on brief), for the appellants.

No appearance for or brief filed by the appellees.

MILLER, J., delivered the opinion of the court.

■ The purpose of this litigation was to construe two wills and determine the ownership of two parcels of land described as Lots 4 and 5, Section 1, Parrish Court, Covington, Virginia. The question now presented is what character of estates in these parcels of land passed to named devisees under the wills of William D. Robinson and his wife, Lelia S. Robinson.

Appellants, Frank M. Robinson, and his sons, David Robinson and Richard Robinson, asserted that under the wills Frank M. Robinson was entitled to a life estate in the property, and David and Richard Robinson own a vested remainder in fee. From a decree adverse to these claims, which held that David and Richard Robinson acquired no interest in the property under either will, and that Frank M. Robinson, as a devisee, and Frank M. Caldwell, Willa Snow Clarke, Rhoda Ellen Regal, E. Raymond Hall, and Estus Hayden Epling, as the heirs at law of Lelia S. Robinson, owned the property in fee, we granted an appeal.

By deed of March 19, 1935, Leo Hayes conveyed Lots 4 and 5, Section 1, Parrish Court, Covington, Virginia, to William D. Robinson and Lelia S. Robinson, his wife, jointly. William D. and Lelia S. Robinson did not dispose of their interests in this property during their lives.

In October, 1951, William D. Robinson died, leaving no descendants, but survived by his wife Lelia S. Robinson, a nephew, Frank M. Robinson, and the latter's two sons, David Robinson and Richard Robinson, all mentioned in his will.

The only pertinent paragraph of William D. Robinson's will follows:

"THIRD: I give all my Real Estate to my wife and at her death it is to go to F. M. Robinson [Frank M. Robinson] and at his death to his 2 boys David Robinson and Richard Robinson."

Lelia S. Robinson died September 11, 1955, owning the one-half interest in the lots conveyed to her by the deed and such interest as she acquired under the third paragraph of her husband's will. She left no descendants, and her heirs at law are her brother, Frank M. Caldwell, and four nieces and nephews, Willa Snow Clarke,

Rhoda Ellen Regal, E. Raymond Hall, Estus Hayden Epling, children of Ora Orman Epling, deceased sister of testatrix.

The sole pertinent paragraph of Lelia S. Robinson's will follows:

"2. I give my half of Lot 4 and 5 and house to Frank M. Robinson and at his death goes to his two sons, David Robinson and Richard Robinson."

Nothing in William D. Robinson's will granted power to Lelia S. Robinson or Frank M. Robinson, the first takers, to dispose of the devised real estate, and no grant of such power to Frank M. Robinson, the first taker, is found in Lelia S. Robinson's will.

In his opinion the chancellor expressed the view that it was the intent of William D. Robinson to leave his widow, Lelia S. Robinson, a life estate in all his real estate, and upon her death a life estate to Frank M. Robinson, with remainder to David and Richard Robinson. He, however, concluded and held that testator had by the language he used, actually devised a fee simple to Lelia S. Robinson, the first taker, and that the limitations over, "and at her death it is to go to F. M. Robinson and at his death to his 2 boys * * *", David and Richard, were repugnant to the devise of the fee to his widow and void. He likewise concluded and held that the devise by Lelia S. Robinson of "my half of Lot 4 and 5 and house to Frank M. Robinson", the first taker, vested in him a fee simple, and the limitation over, "and at his death goes to his 2 sons," David and Richard, was repugnant to the devise of the fee to Frank M. Robinson and void.

The decree which carried into effect the chancellor's opinion adjudged that William D. Robinson devised all his real estate which included his interest in Lots 4 and 5 to his widow, Lelia S. Robinson, in fee, thus vesting in her full ownership in the two parcels of land. It likewise determined and decreed that by Lelia S. Robinson's will, she devised a one-half interest in the lots to Frank M. Robinson in fee and died intestate as to the other one-half interest, which passed to her heirs, Frank M. Caldwell, her brother, and Willa Snow Clarke, Rhoda Ellen Regal, E. Raymond Hall, and Estus Hayden Epling, children of her deceased sister in the proportions fixed by the statute of descent.

"The devises in the wills to the first takers are general devises and use no words indicative of intent to give more than a life estate. At common law such a general devise to the first taker created only a life estate."

"But unless the intent appears upon the face of the devise to give

more than a life estate, the common law rule applies to devises as to conveyances, and nothing but an estate for life passes. * * *" Minor on Real Property (2d ed), § 150.

Section 55-11, Code 1950, has, however, changed this common law rule, and such a general devise now conveys the fee simple "unless a contrary intention shall appear by the will, conveyance, or grant." It reads as follows:

"When any real estate is conveyed, devised or granted to any person without any words of limitation such devise, conveyance or grant shall be construed to pass the fee simple or other whole estate or interest which the testator or grantor had power to dispose of in such real estate, unless a contrary intention shall appear by the will, conveyance or grant."

■ In this case there is no power of disposal in the first takers. It is only when there is such power that a life estate must be *express*. Section 55-7, Code 1950; *Hall* v. *Hoak*, 184 Va. 821, 36 S. E. 2d 567; *Moore* v. *Holbrook*, 175 Va. 471, 9 S. E. 2d 447; *Clarkson* v. *Bliley*, 185 Va. 82, 38 S. E. 2d 22. In all other situations a valid life estate may be created by implication as well as by explicit words.

■ Appellants rely upon § 55-11 and assert that the intention not to convey a fee simple estate to the first takers is made apparent in the respective wills by use of the words, "at her death" and "at his death."

In *Robinson* v. *Robinson*, 89 Va. 916, 14 S. E. 916, the court was required to determine what estate testator's children, the first takers, acquired under the following devise:

"I give to my children by her, and their descendants at their death, the remainder of my property * * *."

In deciding that testator's children took only a life estate, the court, in the course of its opinion, observed that it appeared in various places in the will that testator considered the words, "children" and "descendants", as equivalent and synonymous words, and then said:

" * * * We think it is too plain for doubt that the testator intended, by the language of the devise, to give to his said infant children, Ashlin and Anthony Robinson, an estate for life, each, in the said remainder of his property, with remainder to the children of the said infant devisees. The words 'at their death' are, as restraining words, fully equivalent to the words 'for life,' and they show

clearly the intention of the testator to limit the estate given to the infants to an estate for life. Any other construction would render the words 'at their death' inoperative, insensible, and unmeaning." At page 918.

No public policy, statute, or canon of property is involved which would override the intent of testator or testatrix as it appears from the language used. The intent of each, though it be unartfully or inaptly expressed, must be given effect in construing the devises. 20 M. J., Wills, § 77, p. 243. If, from the language used, it appears that they intended to devise only life estates to the first takers, then no repugnacy can arise from a limitation over to designated remaindermen.

"But before there is any repugnancy, it must appear from the will that a fee simple was in fact given to the first taker." *Crisman* v. *Swanson*, 193 Va. 247, 249, 68 S. E. 2d 502.

Though neither will devises an express life estate, yet the respective wills clearly disclose that the testator and testatrix intended to and did by the limiting phrases that they employed create mere life estates in the first takers with vested remainders in David and Richard Robinson.

It appears from an exhibit and suggestion of counsel at bar that Frank M. Robinson died pending this appeal and Ruby Jean Robinson, duly appointed administratrix of his estate, has been substituted as a party appellant in his stead. It follows that Frank M. Robinson's life estate in the lots has now terminated, and David Robinson and Richard Robinson, who were the owners of vested remainders, now own the lots in fee simple.

The decree of the trial court will be reversed and the cause remanded for the entry of a decree not in conflict with the views herein expressed.

*Reversed and remanded.*