267 Minn. 264 (1964)
126 N.W. (2d) 250
IN RE ESTATE OF OLE ANDERSON.
HENRY O. ANDERSON AND OTHERS
v.
MARTHA BESSIE AMUNDSON.
No. 39,084.
Supreme Court of Minnesota.
January 31, 1964.
Kalash & Holtan and Nicolas & Muir, for appellants.
Winzenburg & Halloran, for respondent.
NELSON, JUSTICE.
Appeal from a judgment of the District Court of Jackson County.
According to the stipulated facts, Ole Anderson, who during his lifetime resided at Brewster, in Jackson County, executed a will on July 6, 1956, which directed payment of a specific legacy and also provided:
"FOURTH: I give, devise and bequeath to Martha Bessie Amundson, my 160 acre farm in Jackson County, provided, however, that the 80 acres with the buildings shall not be sold, mortgaged or in any manner encumbered for 25 years from the date of my death.
"FIFTH: I hereby give all the remainder of my property, real, personal *265 and mixed, to Martha Bessie Amundson, to have and to hold as her property absolutely."
Chris Hohlt, to whom the specific legacy had been bequeathed, died prior to the death of Anderson.
After admission of the will to probate and the administration of the estate, the probate court of Jackson County by its final decree assigned all of the personal property in the estate to Martha Bessie Amundson, a niece and the residuary legatee and devisee of decedent, and also decreed that title to the real estate owned by decedent (consisting only of the farm described in paragraph "FOURTH" of the will) was vested in her absolutely in fee simple.
Appellants, who are other relatives of the decedent, appealed from the final decree to the District Court of Jackson County. The district court also found that Martha Bessie Amundson, pursuant to the will, was the owner of all the residuary personal property in the estate, after payment of expenses of administration, and was vested with the absolute ownership in fee simple of all of the real property described in paragraph "FOURTH" of the will, free from any restrictions or restraint on selling, mortgaging, or in any manner encumbering such real property.
Appellants moved for amended findings of fact and conclusions of law. That motion was denied and they appeal to this court from the judgment thereafter entered.
The sole question involved on this appeal is whether the devise contained in paragraph "FOURTH" of the will is violative of Minn. St. 500.13, subds. 1 and 2, which provides as follows:
"Subdivision 1. Every future estate is void in its creation, which suspends the absolute power of alienation for a longer period than is prescribed in this chapter; such power of alienation is suspended when there are no persons in being by whom an absolute fee in possession can be conveyed.
"Subd. 2. The absolute power of alienation shall not be suspended, by any limitation or condition, for a longer period than during the continuance of two lives in being at the creation of the estate, except that a contingent remainder in fee may be created on a prior remainder *266 in fee, to take effect in the event that the persons to whom the first remainder is limited die under the age of 21 years, or upon any other contingency by which the estate of such persons may be determined before they attain their full age."
Appellants urge that the devise is prohibited by these provisions and that they, as the decedent's heirs at law, are the owners of the property which was the subject of a "void and lapsed devise." We cannot agree, since the statute is not applicable to this devise.
Minn. St. 500.10 deals with "future estates," i.e., nonpossessory estates, as follows:
"A future estate is an estate limited to commence in possession at a future day, either without the intervention of a precedent estate, or on the determination, by lapse of time or otherwise, of a precedent estate created at the same time."
It is clear that there are no words of futurity in the specific devise here. The estate devised is a fee simple estate to which the devisee became entitled upon testator's death. Her right to possession was not subject to any precedent estate or to lapse of time and therefore existed immediately upon the testator's death.
Appellants have failed to distinguish between two rules, one of which is decisive in the outcome of this litigation. Those rules are (1) the rule against restraints on alienation, and (2) the rule against suspension of the power of alienation. The latter rule is set out in § 500.13, subds. 1 and 2, and applies only to "future estates." Subject to the exception described in § 500.13, subd. 2, that rule prohibits the absolute suspension of the power of alienation for a time in excess of two lives in being at the time the estate is created. However, it is clear that the estate created by the testator is not a future estate. It does not commence at a future date or follow a precedent estate. The rule against the suspension of the power of alienation is therefore inapplicable to it. On the other hand the rule against restraints on alienation is applicable in the instant case and voids the restrictions and conditions placed on the land by the devise, giving the devisee a fee simple estate, absolutely, free from any restrictions on her power to sell or mortgage the property.
*267 In support of the foregoing conclusion, see the commentary by Dean Everett Fraser, Future Interests, Uses and Trusts in Minnesota, 28 M.S.A. pp. 53, 82, which provides the following analysis:
"If A conveys land to B in fee on condition that the land shall never be sold, the condition violates the rule against restraints on alienation, is void and B gets a fee absolute. If in Minnesota A, in 1947, conveys land `to the person who will be Governor of Minnesota in 1950,' the estate conveyed violates the rule against suspension of the power of alienation, and the estate is void."
See, also, Restatement, Property, § 406, and Hause v. O'Leary, 136 Minn. 126, 161 N.W. 392, where this court held that a devise of the remainder in fee to the son of the testatrix, "provided that he shall not sell the said described premises for five years after his father's death," did not violate the statute against perpetuities, as the restriction was imposed upon the son only and would terminate at his death, but that the restriction was void as repugnant to the grant of a remainder in fee.
In view of our conclusion that the district court properly determined that the challenged devise created a valid fee simple estate, it is unnecessary to consider other issues raised by appellants.
Affirmed.