### Richmond

## JOHN R. EDWARDS, INDIVIDUALLY AND AS EXECUTOR, ETC., ET AL.

### V.

## BEVERLY E. BRADLEY

Record No. 810989.

April 27, 1984.

Present: All the Justices.

*Daniel Hartnett (Ayres, Hartnett & Custis*, on briefs), for appellants.

*William King Mapp (Mapp & Mapp*, on brief), for appellee.

COCHRAN, J., delivered the opinion of the Court.

In this appeal, the question presented to us is whether by certain provisions in her will a testatrix devised a fee simple estate or a life estate in real property therein described.

Viva Parker Lilliston died testate in 1969. Her will dated January 12, 1957, duly probated with a 1958 codicil irrelevant to this case, provided in part as follows:

> Item Twelve: I give and devise my farm situated on the Seaside from Locustville, in the County of Accomack, State of Virginia . . . to my daughter, Margaret Lilliston Edwards, upon the conditions, set out in Item Fourteen . . . .
> . . . .
> Item Fourteen: all gifts made to my daughter, Margaret L. Edwards, individually and personally, under Items Eleven and Twelve of this Will, whether personal estate or real estate, are conditioned upon the said Margaret L. Edwards keeping the gift or devise herein free from encumbrances of every description, and in the event the said Margaret L. Edwards shall attempt to encumber same or sell her interest, or in the event any creditor or creditors of said Margaret L. Edwards shall attempt to subject her interest in the gift or devise herein made to the payment of the debts of the said Margaret L. Edwards, then and in that event the interest of said Margaret L. Edwards therein shall immediately cease and determine, and the gift or devise shall at once become vested in her children, viz: Betty Belle Branch, Beverly Bradley, John R. Edwards, Bruce C. Edwards, Jill A. Edwards and Jackie L. Edwards, in equal shares in fee simple . . . .

Margaret L. Jones, formerly Margaret L. Edwards, qualified as executrix under her mother's will. In 1979, Jones sought to have her children and their spouses execute an agreement to consent to her selling the farm devised to her. Only a daughter, Beverly Bradley, and the latter's husband declined to execute the agreement. In 1980, Jones died testate; in her will, executed in 1979, she left Bradley $1.00, and directed that the farm be sold and the proceeds distributed equally among her other children. The executors named in the will duly qualified. Bradley filed a bill of complaint in the trial court against these personal representatives and

her five brothers and sisters,[1] alleging that under the Lilliston will a life estate was devised to Jones with remainder to Jones's children. Bradley sought to enjoin the sale or encumbrance of the farm without her consent and asked that her interest therein be determined.

After hearing evidence presented by Bradley, the trial court determined that Jones had not violated any of the conditions specified in the Lilliston will. Edwards presented no evidence. The trial judge issued a letter opinion in which he stated his conclusion that under the Lilliston will a life estate in the farm was devised to Jones with remainder to her six named children in fee simple. A final decree, incorporating the opinion by reference, was entered March 25, 1981. On appeal, Edwards argued before us that Jones had fee simple title subject to valid conditions subsequent or conditional limitations[2] and, having not violated the conditions, could freely dispose of the farm by will as she chose. Edwards argued in the alternative on brief that if the conditions were invalid Jones was vested with fee simple title without restrictions or conditions even though such unconditional vesting would have been contrary to her mother's intent to protect the farm from Jones's creditors.

There is no conflict in the evidence. Jones was in financial difficulties when the Lilliston will was executed. The will was prepared by an experienced attorney. One provision, referring specifically to the enabling statute, established a spendthrift trust for the benefit of another child of the testatrix.

The trial judge, in his opinion, noted that the "able and experienced" draftsman had used the words "fee simple" at least seven times in the will and codicil. Apparently, the judge reasoned that if a fee simple estate had been intended for Jones, the draftsman would have used that terminology in Item Twelve. Moreover, the judge stated that under Edward's theory that Jones died vested

---

[1] Named as defendants were John R. Edwards, individually and as executor of the estate of Margaret L. Jones; Betty Belle Branch, individually and as executrix of the estate of Margaret L. Jones; Henry P. Custis, Jr., executor of the estate of Margaret L. Jones; Bruce E. Edwards, Jill E. Godwin, and Jackie L. Spicer. They will be referred to herein collectively as Edwards.

[2] The terms "condition subsequent" and "conditional limitation" are not interchangeable. A conditional limitation provides for the future estate of freehold vested in one person to shift to another upon the happening of a contingency. An estate upon condition subsequent terminates upon the happening of a contingency, but instead of shifting to another, it returns to the grantor. 1 Minor on Real Property § 526 (2d ed. Ribble 1928) (hereinafter Minor). Thus, we are dealing with conditional limitations in the present case.

with fee simple title, a creditor could then bring a creditor's suit to subject the land to the satisfaction of the debt contrary to the testamentary conditions and the intent of Lilliston. The judge further stated that the conditions set forth in Item Fourteen were ·repugnant to a fee simple estate but not to an estate for life. For these reasons, he ruled that a life estate was created under the Lilliston will.

As a general rule, a condition totally prohibiting the alienation of a vested fee simple estate or requiring a forfeiture upon alienation is void. *See Dunlop* v. *Dunlop's Ex'rs*, 144 Va. 297, 132 S.E. 351 (1926); *Hutchinson* v. *Maxwell*, 100 Va. 169, 40 S.E. 655 (1902); *In Re Anderson's Estate*, 267 Minn. 264, 126 N.W.2d 250 (1964); 1 Minor § 553; Restatement of Property, § 406 (1944). As an exception to the rule, conditions prohibiting alienation of land granted to corporate entities for their special purposes are valid. 1 Minor § 557; *see Fairfax Park Authority* v. *Brundage*, 208 Va. 622, 159 S.E.2d 831 (1968). A conditional limitation imposed upon a life estate, however, is valid. *Mears* v. *Taylor*, 142 Va. 824, 128 S.E. 264 (1925); *Camp* v. *Cleary*, 76 Va. 140 (1882); 1 Minor § 559. *See also* Restatement of Property § 409 (1944), where such limitations, therein classified as forfeiture restraints, are said to be valid as to life estates.

It is apparent, therefore, that if Lilliston's will vested fee simple title to the farm in Jones, the unqualified restraint on alienation would be invalid and the property from the time of vesting would be subject to sale, encumbrance, or devise by her and subject to the claims of her creditors, results contrary to the express intent of the testatrix. On the other hand, if Lilliston's will vested a life estate in Jones, the unqualified restraint on alienation imposed by the testatrix would be valid. Jones could not acquire, as Edwards suggested, a life estate which, upon compliance with the testamentary conditions, became a fee simple estate at the time of her death. Jones acquired under the Lilliston will either a fee simple estate free of conditions and thus inconsistent with the testatrix's intent or a life estate subject to conditions and thus consistent with such intent.

The draftsman of the Lilliston will carefully avoided using in either Item Twelve or Item Fourteen the words "fee simple" which he had used elsewhere in the instrument. It is true, as Edwards observed, that he also did not use the words "life estate" in those clauses of the will. Under Code § 55-11 it is not necessary to

use the words "in fee simple" to create a fee simple estate where real estate is devised without words of limitation unless a contrary intention shall appear by the will. In the present case, however, the real estate was devised with words of limitation and a contrary intention appears in the will. Moreover, unless there is a power of disposal in the first taker (Code § 55-7), a life estate may be created by implication as well as by explicit language, provided the will shows the requisite intent. *Robinson* v. *Caldwell*, 200 Va. 353, 105 S.E.2d 852 (1958).

Since the testatrix established a spendthrift trust in another provision of her will, she was aware of the availability of that device but did not choose to use it for the benefit of Jones. Moreover, under Code § 55-7, the testatrix could have devised the land to Jones for life with a power of appointment under which Jones could have disposed of the property by will. She did not do so.

The intention of the testatrix is to be upheld if the will can be reasonably construed to effectuate such intent and if it is not inconsistent with an established rule of law. *Powell* v. *Holland*, 224 Va. 609, 615, 299 S.E.2d 509, 512 (1983); *Hurt* v. *Hurt*, 121 Va. 413, 420, 93 S.E. 672, 674 (1917). In addition, the language of the will is "to be understood in the sense in which the circumstances of the case show" that the testatrix intended. *Gray* v. *Francis*, 139 Va. 350, 361-62, 124 S.E. 446, 450 (1924). Here, the testatrix intended that Jones have the use and benefit of the real estate free of the claims of her creditors. The ultimate beneficiaries were Jones's children. Although the will did not expressly designate the children as remaindermen, the conditional limitation to them indicated that they were intended to take the farm when their mother's interest terminated, whether by violation of the conditions or otherwise. Accordingly, we conclude that the trial court properly ruled that Jones acquired a life estate in the property with remainder at her death in fee simple to her six children.

We will affirm the decree of the trial court.

*Affirmed.*