# CIRCUIT COURT OF THE CITY OF NORFOLK

David Baillio et al.

v.

Allan G. Donn et al.

December 21, 2000

Case No. (Chancery) CH99-1321

BY JUDGE MARC JACOBSON

Edna Cary Lee (Edna) died January 11, 1985, and under her holographic will (Edna's Will), she devised $10,000 and some A. T. & T. stock to her brother Ellroy C. Lee (Ellroy). *See* Edna's Will. Edna's Will stated "if Jo [indicating Josephine Cannon Lee, Ellroy's wife (Jo)] after his death needs it for sickness, she may use it otherwise it go back in to my family." *See id.* The last sentence of Edna's Will also states "Money left Jo at her death goes back to my family." *See id.* Ellroy predeceased Edna, so at the time of Edna's death, Jo took possession of the cash and the stock.

The instant suit was filed after Jo's death as a Petition for Aid and Direction to determine assets of the estate of Josephine Cannon Lee, to Compel Return of Improperly Retained Assets, or, in the Alternative, to Appoint a Successor Trustee (Petition). David Baillio, Gary A. Baillio, Jr., and Lucy Lee Rives Lockwood (Petitioners), as Edna's heirs, assert that Jo held the proceeds of Edna's estate as a life tenant and not in fee simple. *See* Petition at 4. Therefore, under Edna's will, Petitioners contend that what remained of Edna's property after Jo's death should pass to them. *See* Petition at 3, 4. Allan G. Donn and Lingon Jones are the co-executors of The Estate of Josephine Cannon Lee, deceased (Executors), and are named Respondents in the instant cause. Petitioners have also named as Respondents remaining members of Edna's family, who would presumably take under the residuary provision of her will, in an effort to include all necessary parties. *See* Petition

at 3-4. Lingon Jones has also intervened in the initial cause as the alleged sole beneficiary of Jo's estate.

The Executors have filed Demurrers to the Amended Petition alleging that "Petitioners' suit is a stale attempt to reach back into the estate of a woman who has been dead fifteen years. . . ." *See* Respondents' Brief as requested by the Court at the Demurrer Hearing (Respondents' Brief) at 2. Respondents allege that Petitioners' claim is time-barred because it arises under Edna's will and, as such, should have been brought within the ten year period of limitation for such actions. *See* Respondents' Brief at 4-5. Respondents also argue that there was no trust created by either Edna's Will or Jo's Will, and, consequently, the remedy of appointing a successor trustee is inappropriate. *See id.* at 5-6. Finally, Respondents argue that Petitioners bear the burden of proving the meaning of the word "family" in Edna's Will and whether Petitioners are included in the definition. *See id.* at 7-8.

### 1. *Statute of Limitations and Failure to State a Claim*

Petitioners argue that the instant cause is not barred by the statue of limitations because the Petition is to determine ownership of property and not to state a claim against Edna's estate. *See* Petitioners' Brief in Opposition to Demurrer (Petitioners' Brief) at 5-6. Under Virginia law, such an action is not considered part of an estate matter but may be brought as an independent action unrelated to the probate of either of the wills in question. In *Walker v. Clements*, 216 Va. 562, 221 S.E.2d 138 (1976), the Virginia Supreme Court examined a partition action regarding a farm in Gloucester County. There, Henrietta Lawson had died testate in 1958, and her will left the farm to her brother "to use as he sees fit." *See id.* at 563, 221 S.E.2d at 139. The will also stated that "at his death I want whatever is left to be divided equally" between Lawson's sister and nephew. *See id.* In 1972, fourteen years after the probate of the will, Lawson's sister sought to have the farm partitioned, to determine her interest as against the brother's heirs. *See id.* The Court stated:

> [o]nly one question is involved here, and that is whether Albert T. Hall was given a life estate in the property bequeathed and devised him by Henrietta M. Lawson, as the appellant contends, or whether, as appellees argue, Albert T. Hall took a fee simple and absolute estate in the property of the testatrix . . . the will of Henrietta M. Lawson did not give Albert T. Hall an express estate for life, coupled

> with the power of absolute disposition during his lifetime. Hall either took a life estate or he received a fee simple interest.

*See id.* at 563, 221 S.E.2d at 139.

The Court construed the will in the course of the partition action, not reopening Lawson's will, nor discussing the probate proceedings in the course of its reasoning. *See id.* The *Walker* Court concluded that, "giving to the word 'use' its common and accepted meaning . . . the will of Henrietta M. Lawson created a life estate only in Albert T. Hall." *See id.* at 566, 221 S.E.2d at 141. Coupled with the testator's bequest of the property after Albert's life, the court determined that the testator's intent was only to give Albert the use of the property and not the power of disposition. *See id.*

Another Virginia Supreme Court case also determined a similar issue and is procedurally similar to the instant matter. In *Edwards v. Bradley*, 227 Va. 224, 315 S.E.2d 196 (1984), Viva Lilliston died testate in 1969. Under her will, she devised a farm to her daughter, and upon the daughter's death, the property was devised to the testator's grandchildren. *See id.* Eleven years later, in 1980, the daughter died, and her will directed that the farm be sold and the proceeds be distributed among all of her children, save one. *See id.* at 226, 315 S.E.2d at 197. The remaining child filed a bill of complaint, alleging that her mother owned only a life estate in the property inherited through the grandmother's will and thus could not order the property to be sold through probate. *See id.* Although the granddaughter's suit was not brought until eleven years after probate of the grandmother's will, the court nevertheless construed the meaning of the grandmother's will, holding that the daughter received only a life estate in the property. *See id.*

The case at bar is similar to the facts of *Walker* and the procedure of *Edwards*. Here, Edna's Will left property to Jo with the direction that if she "needs it for sickness, *she may use it*. . . ." *See* Respondents' Brief at 2 (emphasis added). Furthermore, Edna's Will made a disposition of the property following Jo's use when she stated "otherwise it go back in to my family." *See id.* Essentially, this is the same basic disposition as in *Walker*, first to a life tenant, then to remainder beneficiaries. But Edna's Will contains other language that suggests Jo had only a life estate in the property; at the end of Edna's Will, it was stated that "money left Jo at her death goes back to my family." *See* Edna's Will. Under these facts, Petitioners' claim is appropriate to be brought as an action separate from the probate of Edna's Will.

Respondents contend Petitioners' action is time-barred because it "remains fundamentally a Petition to Surcharge and Falsify the Estate of Edna Cary Lee." *See* Respondents' Brief at 5. However, the Petitioners do not

question the probate of Edna's will because they agree that Jo rightfully possessed the property in question following the distribution of Edna's estate. The fundamental question in this case, as in *Walker*, is one of title, not possession. There is no suggestion in the final accounting of Edna's estate as to how the property was held by Jo or whether it was distributed in fee simple or as a life estate. *See* Final Account of Estate of Edna Cary Lee at 2.

Because Jo rightfully possessed the property at the time of Edna's death, there is no reason that Petitioners would challenge either the accounting of Edna's estate or Jo's retention of the property. As Petitioners' claim does not relate to the distribution of Edna's Will, the statute of limitations found in Va. Code § 8.1-245 is inapplicable. This section requires that an action to surcharge or falsify be brought within ten years of the final estate accounting, and since the action at bar is not related to Edna's estate, the date of the final accounting of her estate is not relevant. *See* Va. Code § 8.01-245.

## II. *Constructive Trust*

Petitioners additionally argue that another proper remedy would be the imposition of a constructive trust. *See* Petitioners' Brief at 7-8. Respondents argue that a constructive trust is an improper remedy, as it must be imposed contrary to someone's intention after a breach of duty. *See* Respondents' Brief at 6. Since the Petitioners argue that it was Edna's intent to create a life estate in Jo, it would not be contrary to that intent to impose a constructive trust in favor of the Petitioners. *See id.* They also argue that the imposition of a trust would overlook a "fundamental defect" in Petitioners' case, i.e., the failure to timely petition to surcharge and falsify Edna's estate. *See id.*

What the Petitioners seek to prove, however, is that in the event that Jo has purposefully kept the property in question to assert full fee simple ownership over it, a constructive trust may be imposed contrary to her intent, not contrary to Edna's. In order to have a constructive trust imposed upon the property, the Petitioners need to show that the person holding legal title to the property holds it "unconscientiously," and that the Petitioners are "truly and equitably entitled" to it. *See Sweeny v. Patton*, 134 Va. 117, 113 S.E. 715 (1922). The Petitioners need not establish that the Respondents retained the property through improper means; rather, constructive trusts may be imposed "not only where property has been acquired by fraud or improper means, but also where it has been fairly and properly acquired, but it is contrary to the principles of equity that it should be retained, at least for the acquirer's own benefit." *See Jones v. Harrison*, 250 Va. 64, 68, 458 S.E.2d 766, 770 (1995),

quoting *Richardson v. Richardson*, 242 Va. 242, 245, 409 S.E.2d 148, 150 (1991).

In the instant cause, the Court rules it is not necessary to consider or make a determination at this time as to the issue of a constructive trust.

The issue of who is the "family" is one to be determined on the merits, and the Court declines to and is not required to make a ruling on this issue at this time.

The Demurrer and Motion to Dismiss the Amended Petition is denied.