# The Lester Group, Inc.

## v.

# Larry K. Little, et al.

Record No. 870646

June 9, 1989

Present: All the Justices

*Philip G. Gardner (Gardner, Gardner & Barrow, P.C.,* on briefs), for appellant.

*Eric H. Ferguson (Ralph B. Rhodes; Hutcherson & Rhodes, Ltd.,* on brief), for appellees.

Justice Stephenson delivered the opinion of the Court.

The dispositive issue in this appeal is whether valid title passed to certain real property that was sold for delinquent taxes.

Larry K. Little and Douglas M. Hunt (collectively, Little) brought this ejectment action against The Lester Group, Inc., formerly known as Lester Lumber Company (Lester), claiming fee simple ownership to a 191-acre tract of land on Turkey Cock Mountain in Franklin County. By its answer, Lester denied Little's claim. Following a bench trial, the trial court entered judgment in favor of Little, holding that he had the right of possession as against Lester. Lester appeals.

Both Little and Lester have recorded deeds to the tract in question. Both claim through James Grant, who obtained the tract on June 13, 1845, by a grant from the Commonwealth of Virginia.

By deed dated March 4, 1878, Charles L. Powell, special commissioner, conveyed the tract to William T. Mitchell and John R. Cabell. The conveyance resulted from a judicial sale decreed in a creditor's suit styled *Mitchell and Reynolds* v. *James Grant's Administrator.* The deed recites that Charles L. Powell was appointed commissioner to sell and convey the lands of James Grant. This deed was indexed solely under the name of the special commissioner.

Apparently, William T. Mitchell, by a deed of trust, conveyed the tract to James L. Tredway, trustee. Following a foreclosure, Tredway, trustee, conveyed the 191-acre tract to D. B. Yeatts by deed dated December 26, 1896. The tract is referred to as being the same that was "conveyed . . . to James R. Grant . . . in warrant no. 15268 from the Governor of Virginia."

As a result of a partition suit styled *Yeatts* v. *Yeatts,* W. E. Clement, special commissioner, conveyed the tract to W. C. Cobbs and S. P. Brown, by deed dated February 24, 1921. Thereafter, Lester acquired the tract, as well as two other tracts, by deed from Clyde H. Perdue, special commissioner, dated Novem-

ber 28, 1945. This conveyance was decreed in a chancery suit styled *S. P. Brown, et al.* v. *Eller J. Cobbs, et al.*

The land grant from the Commonwealth to James Grant, dated June 13, 1845, was not recorded until March 12, 1957. Following this recording, the authorities in Franklin County reported that the taxes on the tract were delinquent. It is undisputed, however, that the taxes were not delinquent but, in fact, had been paid yearly by Lester and its predecessors in title.

Nevertheless, in 1959, Franklin County filed a bill of complaint styled *Franklin County, A Body Politic* v. *James Grant, his heirs, devisees, assigns, and any unknown heirs*, to sell the 191-acre tract in payment of the alleged delinquent taxes. Service of process was by order of publication directed to "James Grant, his heirs, devisees, assigns, and any unknown heirs." A commissioner in chancery appointed by the court reported that James Grant was the owner of the tract and that the taxes assessed against the tract were delinquent. Consequently, the court decreed that the tract be · sold. Accordingly, Russell L. Davis, special commissioner, conveyed the tract to W. L. and P. G. Saunders by deed dated April 7, 1960. W. L. and P. G. Saunders conveyed the tract to Burton and Catherine Jessup by deed dated August 15, 1961. Ralph B. Rhodes, trustee, following a foreclosure under a deed of trust executed by the Jessups, conveyed the tract to Walter V. Roberts by deed dated December 3, 1970.

Lester attended the foreclosure sale and, before the tract was sold, publicly announced before the auction that Lester claimed title to the 191-acre tract. Moreover, prior to the conveyance, Lester's attorney had written a letter to Rhodes, who also is an attorney, advising him that Lester claimed title to the tract and warning him not to convey the property. Nevertheless, Rhodes sold and conveyed the property to Roberts. Moreover, Roberts had attended the auction and had purchased the tract with full knowledge of Lester's claim.

Roberts conveyed the tract to Little by deed dated March 17, 1983. Attorney Rhodes examined the title to the tract for Little, but apparently made no mention of Lester's claim.

■ Long-established principles govern a plaintiff's burden in an ejectment action. A plaintiff must recover, not upon the weakness of the defendant's title, but upon the strength of his own title. *Providence* v. *United Va./Seaboard Nat.*, 219 Va. 735, 744, 251

S.E.2d 474, 479 (1979); *White* v. *Lee*, 144 Va. 523, 529, 132 S.E. 307, 309 (1926).

The power of a governmental entity "to sell land for non-payment of taxes is not a common law power, but arises entirely from statute." *Richmond* v. *Monument Ave. Dev. Corp.*, 184 Va. 152, 160, 34 S.E.2d 223, 226 (1945) (citation omitted). Statutes providing for the sale of lands for delinquent taxes must be strictly construed "because such statutes are penal in their nature and entail forfeitures." *Id.* at 161, 34 S.E.2d at 226 (citation omitted). "It is well settled . . . that each and every step which the law requires . . . in order to acquire a title to land sold at a tax sale, must be strictly complied with, else the tax sale is invalid." *Id.* at 160, 34 S.E.2d at 226. A most essential step is a correct determination that the taxes on the land are, in fact, delinquent. Obviously, unless taxes are delinquent, no statutory authority exists for forfeiting an owner's title to land.

Franklin County alleged in its bill to sell the 191-acre tract "[t]hat there is due and owing . . . delinquent taxes on the said real estate for three years." It is undisputed, however, that the taxes on the tract were not, in fact, delinquent. Consequently, the court was without jurisdiction to decree the sale of the land for delinquent taxes, and the purported sale and conveyance by Russell L. Davis, special commissioner, is null and void *ab initio.* Because the deed to Roberts was void, Little acquired nothing in the deed from Roberts.

*Pruitt* v. *Ferguson*, 224 Va. 507, 297 S.E.2d 714 (1982), relied upon by Little, is readily distinguishable. In *Pruitt*, unlike the present case, "[t]he taxes were unpaid for many years." *Id.* at 509, 297 S.E.2d at 715. Moreover, *Pruitt* did not involve a special commissioner's deed. Because the 1878 deed was executed by a special commissioner, the assessing officials could not rely solely upon the index to deeds. Rather, Franklin County's Commissioner of Revenue had the duty to read the deed of conveyance from special commissioner Powell to ascertain whose land the special commissioner had sold. Had the Commissioner of Revenue done so, he should have discovered that special commissioner Powell had conveyed the 191-acre tract on behalf of the James Grant heirs. Consequently, a double assessment on the 191-acre tract would have been avoided.

Accordingly, we will reverse the trial court's judgment and enter judgment in favor of Lester.

*Reversed and final judgment.*