# CIRCUIT COURT OF ORANGE COUNTY

Orange County

v.

Ollie J. Johnson
and Roderic H. Slayton

February 16, 2007

Case No. CL06000238-00

BY JUDGE DANIEL R. BOUTON

I am writing to advise of the court's ruling on the motion to reopen filed by Margaret D. Fletcher. Four issues are raised by the motion. The first one is whether the order of publication that was published in the *Orange County Review* is sufficient. The second issue is whether the affidavit that was submitted in support of the order of publication was defective. The third issue is whether the taxes that led to the filing of the cause of action were delinquent. The fourth issue is whether the doctrine of laches can be applied to bar Fletcher's claim. The court sets forth below a discussion and analysis of each issue.

## The Sufficiency of the Order of Publication

The court rejects Fletcher's argument that the order of publication does not provide adequate notice to her of the proceedings. Her argument is premised on the holding of the Supreme Court of Virginia in *Forrer v. Brown*,

221 Va. 1098, 277 S.E.2d 483 (1981); however, the court is not persuaded that this case supports Fletcher's position.

The facts that are central to the decision of the *Forrer* court can easily be distinguished from those that are before the court in the present case. In *Forrer*, a man named Ned Brown had purchased a tract of land at a delinquent tax sale; however, after receiving a deed to the property, he never recorded his deed in the clerk's office. Brown then subsequently failed to pay the real estate taxes that were assessed. As a result, a second action was filed by the county for nonpayment of delinquent taxes, and the property was again sold. In the second action, the court's jurisdiction over Brown was premised on an order of publication that did not name him as a party in the case. On appeal, the Supreme Court of Virginia found that the order of publication did not constitute adequate service of process on Brown. In explaining why the order was not sufficient, the court noted that Brown "was not an heir of any of the defendants; he was not a person `interested' in devolution of the `estates' of the named individuals." *Id.*, at 1106. Rather, he was a stranger to those individuals who comprised the chain of title to the property among the recorded documents, and thus a stranger to those named in the order of publication. Therefore, the *Forrer* court concluded that the order of publication was defective because "it was not reasonably probable that Brown, or someone for him, would receive notice of the proceedings in order for him to take reasonable precautions for the protection of his interest in the subject property." *Id.*, at 1105.

In contrast, the complaining party in the present case, Margaret D. Fletcher, derives her asserted interest in the property directly from Susan Brent. The conveyance to Talmadge R. Fletcher, her husband, explicitly refers to the property as being the same tract of land that was conveyed to Susan Brent. It is of no significance to the analysis that the order of publication makes reference to the successors in title of Victoria Gayles and Susan Brent rather than to the unknown successors in title of Susan Brent. The key point is that Fletcher's source of title and the clear reference to the successors in title of Susan Brent constitute what the *Forrer* court called "identifying data" that would apprise a litigant of "the nature of the proceedings against him and to notify him that his rights will be affected by the litigation." *Id.*, at 1105. Fletcher was an heir of her husband, whose interest in the property can be traced to Susan Brent. Therefore, the court finds that the order of publication is sufficient. Consequently, the motion to set aside the decree and reopen the case based on the alleged deficiencies in the order of publication is denied.

*The Affidavit Submitted with the Order of Publication*

This issue is controlled by the case of *Dennis v. Jones*, 240 Va. 12, 393 S.E.2d 390 (1990). There, the Supreme Court of Virginia stated clearly that the information contained in an affidavit offered in support of an order of publication must be accurate. In addressing the disputed affidavit in *Dennis*, the court observed that "the grounds so stated, must, in fact, be true, and not merely idle declarations having no factual basis." *Id.*, at 18. If the court finds that the grounds relied on lack a factual basis, the affidavit is defective and no jurisdiction can be acquired based on an order of publication.

In the present case, the court is unable to make a determination as to the validity of the affidavit based on the written arguments of counsel. This is consistent with the discussion of the issue contained in the *Dennis* case. There, the trial judge's ruling on the affidavit was based on the presentation of evidence from both parties; moreover, the ruling was reversed when the Supreme Court of Virginia concluded that the trial judge disregarded certain undisputed facts. Similarly, in the case before the court, the challenge to the affidavit made by Fletcher presents a factual dispute that can only be resolved by a hearing of some type. Whether the facts as stated in the affidavit satisfy the standard enunciated in *Dennis* can only be determined by evaluating evidence that is introduced on the disputed issues.

*The Delinquent Taxes*

On this question, the case of *The Lester Group v. Little*, 238 Va. 54, 381 S.E.2d 3 (1989), holds that taxes must be delinquent before the governing body has the right to request the court to order that land be sold for the nonpayment of such taxes. Therefore, in cases of this type, the court must first find that the taxes are delinquent before it exercises its authority to direct such a sale. As stated by *The Lester Group* court, "A most essential step is a correct determination that the taxes on the land are, in fact, delinquent. Obviously, unless taxes are delinquent, no statutory authority exists for forfeiting an owner's title to land." *Id.*, at 57. The court went on to find that the taxes in question were not, in fact, delinquent. Therefore, the court concluded that the trial judge "was without jurisdiction to decree the sale of the land for delinquent taxes, and the purported sale and conveyance … is null and void *ab initio*." *Id.*, at 57.

Here, whether the taxes were in fact delinquent is a question of fact that can only be resolved by competent evidence. Although it presents a simple

inquiry that can be quickly and efficiently answered, a hearing will be necessary to address this question.

### The Doctrine of Laches

Eastern Land Company, Inc.'s brief argues that the doctrine of laches should be applied to bar Fletcher's claim. The Supreme Court of Virginia has defined laches as "the neglect or failure to assert a known right or claim for an unexplained period of time under circumstances prejudicial to the adverse party." *Princess Anne Hills v. Susan Constant Real Estate*, 243 Va. 53, 58, 413 S.E.2d 599 (1992). Moreover, the burden of proving both laches and the requisite prejudice rests with the litigant who asserts the defense. *Stewart v. Lady*, 251 Va. 106, 465 S.E.2d 782 (1996). Finally, whether a finding of laches should bar a claim is vested within the discretion of the trial judge. *Masterson v. Board of Zoning Appeals*, 233 Va. 37, 353 S.E.2d 727 (1987).

In the court's view, the written arguments of counsel do not provide the means by which the question of laches can be resolved. Rather, a hearing will be necessary in order to determine whether or not the doctrine of laches has any application to the case. On this issue, each case must be analyzed based on its own unique circumstances. No single evidentiary factor or legal principle is dispositive.

### Conclusion

The court denies Fletcher's motion based on the argument that the order of publication is insufficient. The court declines to rule on whether the affidavit is defective and whether the taxes were actually delinquent when the court ordered a sale of the property. The court also makes no ruling on Eastern Land Company, Inc.'s assertion regarding laches. As stressed above, these issues present factual disputes that should not be resolved by the court based on the written arguments of counsel.